**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3198

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the Eastern |
| Edmond Clyde Sample, | * District of Arkansas. |
| | * |
| Appellant. | * |

_____

Submitted:  January 13, 1998

Filed:  February 12, 1998

_____

Before BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
JONES,[1] District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Edmond Clyde Sample appeals his conviction as a felon in possession of a firearm following a bench trial. See 18 U.S.C. § 922(g)(1).  On appeal, Mr. Sample challenges the denial of his motion to suppress weapons, the vitality of predicate felony

_____

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

convictions, and the sufficiency of the evidence of possession. We affirm the judgment of the trial court.[2]

## I.

Mr. Sample drove a 1984 Monte Carlo recklessly across a parking lot in view of a Pulaski County, Arkansas, Sheriff's Department patrol car, occupied by officers James Williams and Sean O'Nale. The Monte Carlo exited the parking lot, and the officers followed in their marked patrol car, activating its warning lights. When the Monte Carlo failed to stop, the officers engaged their siren; they also ran a check on the Monte Carlo's license plate and discovered that the number belonged to a different vehicle. After traveling approximately one-half mile, the Monte Carlo stopped abruptly, Mr. Sample exited, and Officer Williams placed him in the patrol car. The officers took two female passengers from the Monte Carlo and placed them in a Little Rock Police Department patrol car when it arrived at the scene.

As he removed the female passengers from the Monte Carlo, Officer O'Nale noticed handgun ammunition on the floorboard of the vehicle. A further search of the interior revealed two handgun ammunition clips. Because of the ammunition and clips, Officer O'Nale began searching for a weapon in the passenger compartment, and he noticed currency protruding from the air conditioning vents in the dashboard; he also noticed that the configuration of the dashboard suggested that it had been previously removed or modified. Continuing his search for weapons, Officer O'Nale detached the front of the dashboard compartment (it came off easily) and, after removing a substantial amount of currency, reached in and retrieved two handguns.

Officer O'Nale testified that after being given <u>Miranda</u> warnings, Mr. Sample said that "he had the gun, it was his," and that he had bought it from a "dude"; Officer

---

[2]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

O'Nale further testified that his own report indicated that Mr. Sample stated that the weapons were his and that he used them for protection. According to Officer O'Nale, Mr. Sample also said that he did not want to get the two women into trouble and told Officer O'Nale that "they are not doing anything" and should be left alone.

At trial, the government introduced evidence that in April, 1995, three months before his arrest in this case, Mr. Sample had pleaded guilty in federal district court to possession of marijuana with intent to distribute, and that the district court had accepted his plea; Mr. Sample had not, however, been sentenced at the time of his arrest in this case. Mr. Sample had also pleaded guilty, in 1993, in Arkansas state court to second-degree battery and fleeing and was placed on two years of probation.

II.

Mr. Sample first challenges the trial court's denial of his motion to suppress the weapons. Although he does not contest the officers' right to search the passenger compartment of the vehicle, see United States v. Maza, 93 F.3d 1390, 1397 (8th Cir. 1996), cert. denied, 117 S. Ct. 1008, 1345 (1997), Mr. Sample contends that the warrantless search of the dashboard compartment violated the Fourth Amendment because no exigent circumstances prevented the officers from obtaining a warrant. Assuming, without deciding, the absence of exigent circumstances, we reject Mr. Sample's argument that a warrant was required. Under the so-called automobile exception to the warrant requirement, police officers may conduct a warrantless search of a vehicle and containers within the vehicle whenever probable cause exists. See California v. Acevedo, 500 U.S. 565, 580 (1991).

We review the ultimate question of probable cause de novo and the trial court's findings of historical fact for clear error. See Ornelas v. United States, 517 U.S. 690, _____, _____, 116 S. Ct. 1657, 1659, 1663 (1996); see also id., 517 U.S. at _____ n.3, 116 S. Ct. at 1661 n.3. Considering all of the circumstances -- including Mr. Sample's initial failure to stop, and particularly the handgun ammunition and ammunition clips

in the car, the currency in the vents, and the configuration of the dashboard -- we find that there was a fair probability that guns, or other contraband or evidence of a crime, would be found in the dashboard compartment, and therefore that probable cause existed for the search. See Illinois v. Gates, 462 U.S. 213, 238 (1983) (test for probable cause); see also Ark. Code Ann. § 5-73-120(a) (persons commit offense of carrying weapon if they possess handgun in vehicle they occupy, with purpose to employ it as weapon against another person), and McGuire v. State, 580 S.W.2d 198, 200 (Ark. 1979) (decided under prior statute; presumption arises that loaded pistol is placed in car as weapon). The trial court did not err in denying Mr. Sample's motion to suppress.

## III.

Mr. Sample also argues that the government failed to prove that he had a prior conviction as required by 18 U.S.C. § 922(g)(1), first, because at the time of his arrest in this case he had not been sentenced following his guilty plea to the federal drug charge, and, second, because the pertinent Arkansas statute mandated expungement of his state criminal record. We find, however, that Mr. Sample's guilty plea, which was accepted by the district court, constitutes a conviction under § 922(g)(1). See United States v. Millender, 811 F.2d 476, 477 (8th Cir. 1987) (per curiam) (decided under prior statute; "[f]ederal courts have clearly established that a voluntary plea of guilty is a conviction"), and United States v. Woods, 696 F.2d 566, 570 (8th Cir. 1982) (decided under prior statute; "normal meaning of the term 'conviction' is that criminal proceeding where guilt is determined, either by verdict or plea"); see also Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 114 (1983) ("conviction" under § 922(g)(1) is established by defendant's guilty plea and its notation by court, followed by sentence of probation). Because we find that Mr. Sample had been convicted of the federal drug charge at the time of his arrest in this case, we need not address whether his state criminal record was sufficient to establish a conviction under § 922(g)(1).

IV.

Finally, we find no merit to Mr. Sample's contentions that "there was no proof of ownership of the weapon" and that the government offered insufficient evidence that he possessed a firearm. Officer O'Nale's testimony amply supported the trial court's factual finding that after receiving <u>Miranda</u> warnings, Mr. Sample admitted that he owned at least one of the firearms found in the vehicle; that finding provides sufficient support to the conviction. <u>See</u> <u>United States v. Boykin</u>, 986 F.2d 270, 274 (8th Cir. 1993) (constructive possession, sufficient for felon-in-possession conviction, may be established by proof that defendant owned firearm), <u>cert.</u> <u>denied</u>, 510 U.S. 888 (1993).

V.

Accordingly, we affirm the judgment of the trial court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.