# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2863

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Robert Joseph Willson, Jr., | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  April 17, 2001

Filed:  May 17, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Robert Joseph Willson, Jr., appeals the district court's denial of his Federal Rule of Criminal Procedure 41(e) motion for the return of certain property that the government seized during a search of his residence.  We affirm the district court's decision as to one property item, a firearm, but as to the other items, we reverse and remand for further proceedings.

In December 1998, Mr. Willson entered into an agreement with the government under which he agreed to plead guilty to a drug-conspiracy charge, in violation of

21 U.S.C. § 846, and acknowledged he had no right, title, interest, or claim in or to any other property described in the forfeiture count of the indictment. The court accepted the plea agreement and in May 1999 sentenced him to 120 months imprisonment. In May 2000, Mr. Willson filed his Rule 41(e) motion, seeking the return of a Winchester rifle, $1,400 in cash, documents purportedly pertaining to a bail-bonding business, and a Honda automobile, all seized during a search of his residence in 1998. The district court denied the motion in its entirety.

After criminal proceedings have concluded, seized property should be returned to its owner unless it is "subject to forfeiture." See United States v. Smith, 659 F.2d 97, 99 (8th Cir. 1981). The government has the burden of proof to "justify its continued possession of the property by demonstrating that it is contraband or subject to forfeiture." See United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987). Generally, a motion for return of property is properly denied (1) if the defendant is not entitled to lawful possession of the seized property, (2) if the property is contraband or subject to forfeiture, or (3) if the government has a continuing evidentiary need for the property. See United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir. 1991). The district court should receive evidence on any issue of fact necessary to decide a return-of-property motion. See Fed. R. Crim. P. 41(e). We review the court's legal conclusions de novo and its findings of fact for clear error. See United States v. Felici, 208 F.3d 667, 669-70 (8th Cir. 2000), cert. denied, 121 S. Ct. 1209 (2001).

As federal law prohibits possession of a firearm by any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year, see 18 U.S.C. § 922(g)(1), we conclude the district court properly determined, without receiving evidence, that Mr. Willson was not entitled to the return of the rifle. See Felici, 208 F.3d at 670-71 (when it is apparent that person seeking return of property is not lawfully entitled to own or possess it, district court need not hold evidentiary hearing; affirming denial of Rule 41(e) motion with respect to firearms). The same rationale, however, does not apply to the remaining items, as Mr. Willson's right to

their return raised factual issues. See Fed. R. Crim. P. 41(e) (district court should receive evidence on any issue of fact necessary to decide motion for return of property).

We conclude the district court improperly denied without a hearing the Rule 41(e) motion as to the cash, Honda, and seized documents, because the indictment did not mention these items, see Fed. R. Crim. P. 7(c)(2) ("No judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the information shall allege the extent of the interest or property subject to forfeiture."), and the government does not dispute Mr. Willson's contention that it failed to notify him of the forfeiture proceedings against him, see 19 U.S.C. § 1607(a) (notice requirements); Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) ("elementary and fundamental" due process requirement in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of pendency of action and afford them opportunity to present objections).

We are unpersuaded by the government's argument that Mr. Willson lacks standing to challenge the forfeiture of the Honda, because he provided the district court with his sworn statement that he had possessed it as collateral. Although the record before the district court included a law-enforcement inventory representing that the vehicle was stolen and had been returned to its owner, an evidentiary hearing would have allowed both parties to submit evidence on this matter. See Felici, 208 F.3d at 670 ("When it is apparent that the person seeking a return of the property is not lawfully entitled to own *or possess* the property, the district court need not hold an evidentiary hearing.") (emphasis added). The government's assertion that it no longer possesses the vehicle does not moot this issue. See United States v. Chambers, 192 F.3d 374, 376-78 (3d Cir. 1999) (government's alleged release of vehicle to repossession company did not moot Rule 41(e) motion; if, in response to post-judgment motion, government asserts it no longer has property, district court must determine whether government retains possession of property and if court finds government no longer possesses it, court must determine what happened to property and must hold

evidentiary hearing on relevant disputed factual issues); <u>Thompson v. Covington</u>, 47 F.3d 974, 974-75 (8th Cir. 1995) (per curiam) (inmate's action seeking return of property seized in connection with his criminal case was not mooted by government's assertion it could not find property; citing <u>Soviero v. United States</u>, 967 F.2d 791, 792-94 (2d Cir. 1992) (case not moot where property destroyed, because court's equitable jurisdiction empowers it to fashion appropriate relief)).

Finally, we conclude the district court also erred in not receiving evidence as to the destroyed documents. The parties disputed the nature of these documents, and the only evidence before the district court on the issue was an inventory indicating that certain "drug notes" were destroyed. <u>See</u> <u>Felici</u>, 208 F.3d at 670-71 (district court erred in denying return of "drug-related materials" without receiving evidence; disputed items, e.g., books concerning manufacture of illegal drugs, were not contraband per se); <u>United States v. Eighty-Eight Thousand, Five Hundred Dollars</u>, 671 F.2d 293, 297 n.9 (8th Cir. 1982) (contraband per se is property mere possession of which is unlawful, such as heroin and sawed-off shotguns). Even if the seized documents have been destroyed, Mr. Willson's appeal as to this issue is not moot. <u>See</u> <u>Thompson</u>, 47 F.3d at 974-75.

For the foregoing reasons, we affirm the district court's denial of Mr. Willson's Rule 41(e) motion with respect to the firearm. As to the remaining noted items, however, we reverse and remand for further proceedings consistent with this opinion and Rule 41(e).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.