# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4033

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Edmond Clyde Sample, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 17, 2001

Filed: June 18, 2001

_____

Before BOWMAN, and BEAM, and KYLE,[1] District Judge.

_____

PER CURIAM.

Edmund Clyde Sample appeals his resentencing by the district court[2] pursuant to his 28 U.S.C. § 2255 petition to vacate or correct his sentence. We affirm.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

Sample was indicted and convicted of being a felon in possession of a firearm. He waived his right to a jury trial and was found guilty by the trial court. At sentencing, there was some uncertainty about Sample's previous convictions. He was eventually sentenced to eighty-six months, and his direct appeal was unsuccessful.[3] United States v. Sample, 136 F.3d 562 (8th Cir. 1998).

Sample then filed the current 28 U.S.C. § 2255 motion to vacate or correct his sentence, arguing that the district court made various errors in applying the sentencing guidelines, that he did not have a predicate felony offense, that he had ineffective assistance of counsel at trial and sentencing, and that the district court erred in not allowing Sample to be present when guilt was announced. The government conceded that Sample's base offense level was miscalculated at the original sentencing hearing. The district court found Sample's base offense level should have been twenty-two instead of twenty-four, and resentenced Sample to seventy months' imprisonment. The district court denied relief on Sample's remaining grounds.

Both the district court and this court denied Sample's request for a certificate of appealability. However, in our order denying a certificate of appealability, we noted that this case also involved a direct appeal from the resentencing portion of the district court's order. Thus, the sole issue before us on appeal is whether the district court erred in resentencing Sample according to a base offense level of twenty-two. Nevertheless, the briefs[4] submitted on appeal attempt to raise issues originating from the denial of other section 2255 relief. It is an unusual paradox that Sample may only

---

[3]Sample apparently did not raise any issue with regard to a miscalculated base offense level on direct appeal. Sample, 136 F.3d at 563.

[4]Sample filed a pro se brief, and his appointed counsel also filed a brief.

appeal from that portion of the district court's order, the resentencing, in which relief was granted.[5] Neither brief submitted by Sample advances any argument that the district court did, in fact, err in resentencing Sample based on an offense level of twenty-two.[6] We find that the district court did not err, and therefore affirm the judgment and sentence of the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[5]Further highlighting the confusion, the brief of Sample's counsel states: "The District Court granted a portion of the relief requested by Appellant and denied a portion of the relief requested. It is the portion of relief that was denied that appellant is appealing." However, this court denied a certificate of appealability with regard to the relief that was denied, and we cannot entertain those arguments in this appeal.

[6]Sample does argue that the district court erred in departing upward from a criminal history category of III to category IV. However, the district court did not revisit its earlier decision to depart upward in resentencing Sample to seventy months imprisonment. The court simply acknowledged that the base offense level should have been calculated at twenty-two instead of twenty-four, and adjusted the sentence on that basis. Thus, this narrow appeal of that resentencing decision does not encompass the district court's decision to depart upward at Sample's initial sentencing.