**Larry P. RAYMER, Petitioner–Appellant,**

v.

**Jose BARRON, Jr., Warden, Respondent–Appellee.**

Nos. 03–5363, 03–5574.

United States Court of Appeals, Sixth Circuit.

Nov. 3, 2003.

Larry P. Raymer, pro se, Manchester, KY, for Petitioner–Appellant.

Before NELSON, CLAY, and COOK, Circuit Judges.

*ORDER*

Larry P. Raymer, a federal prisoner, moves for the appointment of counsel and pauper status and appeals a district court order dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, and an order denying his motion for pauper status. These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Raymer entered a guilty plea in 1998 to a charge of possession of a firearm by a convicted felon. He was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), on the basis of three prior violent felonies, to 180 months of imprisonment. His conviction and sentence were affirmed on direct appeal, and a motion to vacate sentence was denied. He also filed a petition for habeas corpus relief in the sentencing court, which was dismissed. This petition was filed in the district having jurisdiction over Raymer's custodian. Raymer argued that he had learned in 2002 that his civil rights had been restored on Ohio convictions that were the basis of his sentencing under the ACCA. In support of his argument, however, he submitted a letter he had received in 1986 informing him that his rights were restored upon the successful completion of a period of parole. The district court dismissed the petition for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2), and denied Raymer's motion for reconsideration. The district court also denied Raymer's motion for pauper status on appeal, and his motion for reconsideration of that order. Raymer appealed from both the dismissal of his petition and the order denying pauper status, and the appeals were consolidated. He reasserts the claims raised below in his appellate brief.

### 03-5363

■ This court reviews de novo the dismissal of a petition under 28 U.S.C. § 2241. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). De novo review of the petition in this case reveals that it was properly dismissed for failure to state a claim.

Section 2241 is reserved for challenges to the execution of a sentence rather than its validity. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991). In order to bring a claim under § 2241 that would more properly be addressed in a motion to vacate under 28 U.S.C. § 2255, a prisoner must demonstrate more than that a motion to vacate has already been denied, would be barred by the statute of limitations, or would not be available as a successive petition. *Peterman*, 249 F.3d at 461. Instead, § 2241 may be used as a substitute for a motion to vacate only where a claim of actual innocence is presented. *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir.1999). In this case, Raymer has presented only a challenge to his sentencing under the ACCA, not a claim that he is actually innocent of possession of a firearm by a felon. Therefore, the district court properly concluded that the claim presented could not be addressed under § 2241.

■ Moreover, Raymer's claim lacks merit. Ohio law does not automatically restore the right to possess firearms to felons. *United States v. Cassidy*, 899 F.2d 543, 549–50 (6th Cir.1990). Although Raymer points out that other circuits have disagreed with the reasoning in *Cassidy*, this court is bound by that decision absent an en banc reversal or an intervening Supreme Court decision. *Salmi v. Secretary of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985).

For all of the above reasons, the dismissal of this petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit. The motion for counsel is denied, and the motion for pauper status is granted for purposes of the appeal.

### 03-5574

■ This court reviews the denial of a motion for pauper status for an abuse of discretion. *Phipps v. King*, 866 F.2d 824,

825 (6th Cir.1988). In this case, the district court denied the motion for pauper status after noting both that an appeal could not be taken in good faith, and that Raymer reported an average monthly balance in his prison account of $155.00. No abuse of discretion is apparent, and the order denying pauper status is therefore affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.