# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-2282

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Marcus DeAngelo Jones, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: October 29, 2004
Filed: April 12, 2005

———————

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, BENTON, Circuit Judges.

———————

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Marcus Jones was convicted of one count of making false statements in the acquisition of a firearm and two counts of being a felon in possession of a firearm. The district court sentenced Mr. Jones to 327 months on each of the felon-in-possession charges and 60 months on the charge of making false statements, with the sentences to run concurrently, and his conviction was upheld on appeal, *United States v. Jones*, 266 F.3d 804, 809 (8th Cir. 2001). After the district court denied his motion to vacate his sentence under 28 U.S.C. § 2255, we granted him a certificate of appealability to address the question of whether his trial attorney provided ineffective

assistance by failing to challenge the indictment as multiplicitous. We now conclude that Mr. Jones received ineffective assistance of counsel.

An ineffective-assistance-of-counsel claim involves two components, deficiency in counsel's performance and prejudice to the defendant. A successful petitioner must show both that "counsel's representation fell below an objective standard of reasonableness," and that there is a reasonable probability that, but for this deficiency in performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

We ask first whether the conduct of Mr. DeAngelo's lawyer fell below an objective standard of reasonableness when he failed to challenge the indictment as multiplicitous. An indictment is multiplicitous when it charges a single offense in multiple counts; such an indictment is improper because it can lead to the imposition of multiple punishments for the same crime, violating the double jeopardy clause of the fifth amendment. *See United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir. 2004), *cert. denied*, 125 S. Ct. 364 & 430 (2004); *see United States v. Christner*, 66 F.3d 922, 927 (8th Cir. 1995).

In this case, Mr. Jones was charged with one count of possessing a firearm in August and another count of possessing the same firearm in October. Because we believe that Congress intended the crime of possession to refer to a course of conduct rather than individual acts of dominion, we conclude that the continuous possession of the same firearm constitutes a single offense. *See United States v. Jones*, 533 F.2d 1387, 1390-92 (6th Cir. 1976), *cert. denied*, 431 U.S. 964 (1977); *see also United States v. Horodner*, 923 F.2d 191, 193-94 (9th Cir. 1993). If, as Mr. Jones asserts, his possession of the gun was uninterrupted, then he would have committed only one offense, and the indictment charging him with two counts of possession would be multiplicitous.

The government, however, argues that it proved that Mr. Jones's possession of the firearm was not continuous and that the jury therefore properly convicted him of two counts of possession. A felon may be charged and convicted on two counts of possessing the same firearm if he first possesses a weapon, he is aware that his possession is interrupted, and "he thereafter reacquires possession of the weapon himself." *United States v. Conley*, 291 F.3d 464, 470-71 (7th Cir. 2002). The government argues that the record will support a finding beyond a reasonable doubt that Mr. Jones knowingly lost and then regained possession of the firearm while he was stopped for a traffic violation in August of 1999. But the record, giving the verdict the benefit of all reasonable inferences, shows that during the traffic stop Mr. Jones informed a police officer that he kept a gun in the car. It further shows that the officer took the gun and handed it to another officer, and the second officer then reviewed the purchase papers for the gun, checked its status in the computer, and returned the weapon to Mr. Jones when the computer check revealed that it was not stolen. *Jones*, 266 F.3d at 809.

We do not believe that Mr. Jones's possession of the gun was interrupted during this exchange. The possession of firearms may be actual or constructive. "Constructive possession exists when a person has ownership, dominion, or control over the contraband." *United States v. Miscellaneous Firearms & Ammunition*, 945 F.2d 239, 240 (8th Cir. 1991) (per curiam). Mr. Jones did not give his gun to the police officer; the officer took it for the limited purpose of checking its ownership. While this may have caused Mr. Jones to lose actual possession of the weapon, it did not affect his constructive possession over it, because he never relinquished his ownership, dominion, or control. Because Mr. Jones's constructive possession of the gun was continuous and uninterrupted, it constituted a single offense, and the indictment charging him with two counts of possession was therefore multiplicitous. We believe that a reasonably competent lawyer would be expected to know this; we therefore conclude that counsel's representation fell below the standard that the sixth

-3-

amendment requires when he failed to move at the end of the government's case that one count of possession be stricken from the indictment.

Although it is true that the additional conviction that Mr. Jones received as a result of his lawyer's performance did not increase the length of his sentence because his sentences ran concurrently, prejudice can result from the conviction itself. The additional conviction could increase future sentences or be used to impeach the defendant's credibility if he testifies at a future proceeding. *Ball v. United States*, 470 U.S. 856, 864-65 (1985). At the very least, moreover, the $100 statutory special assessment that Mr. Jones received for his second conviction is a collateral consequence of his conviction that constitutes actual prejudice. *Rutledge v. United States*, 517 U.S. 292, 301-03 (1996); *Christner*, 66 F.3d at 927.

For the reasons indicated, we remand this case with orders to vacate one of Mr. Jones's felon-in-possession convictions and refund any associated special assessment fees that may have been paid. The motions to expand the certificate of appealability are denied as moot. Mr. Jones's motion to supplement, amend, and remand is denied. Mr. Jones may seek further relief in the district court if he wishes.

———————————————