# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3435

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Marcus Deangelo Jones, also known as | * | [UNPUBLISHED] |
| Marcus Deangelo Lee, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 14, 2006
Filed: June 29, 2006

_____

Before WOLLMAN, FAGG, and ARNOLD, Circuit Judges.

_____

PER CURIAM.

In an earlier appeal, we ordered the district court[1] to vacate one of Mr. Jones's convictions for being a felon in possession of a firearm. *See Jones v. United States*, 403 F.3d 604, 607 (8th Cir. 2005). On remand, Mr. Jones asked the district court to conduct a new sentencing hearing, to appoint him counsel, and to let him appear before the court. The district court corrected Mr. Jones's sentence while denying the motions. We affirm.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Mr. Jones argues that the district court erred in denying his motion for a sentencing hearing. A district court does not always have to resentence a defendant when it vacates one of the convictions that contributed to an original judgment. That is necessary only when the sentence might have relied in some way on the invalid conviction. *See Cabbell v. United States*, 636 F.2d 246, 249 (8th Cir. 1980); *James v. United States*, 476 F.2d 936, 937 (8th Cir. 1973) (per curiam). This concern is not applicable here. At the sentencing hearing, the district court chose to sentence Mr. Jones to 327 months, the highest possible sentence within the calculated guidelines range. The court explained that decision by declaring that "in my opinion, this man, this defendant, has decided that his whole life is going to be a life of crime and I'm giving him as much as I can give him so that he won't be out committing any further crimes for a while." This statement is borne out by Mr. Jones's presentence investigation report, which shows that he has been convicted nine times since becoming an adult. We cannot conclude on this record that but for the one felon-in-possession conviction the district court would have given Mr. Jones a different sentence. The district court therefore did not err in denying Mr. Jones's request for resentencing. As the district court merely corrected Mr. Jones's sentence, moreover, there was no need for him to be present. *Cf.* Fed. R. Crim. P. 43(b)(4). And the court was similarly not required to appoint counsel for what was merely a ministerial act.

We also conclude that the district court did not err when it refused to consider the substantive challenges that Mr. Jones put forward in his self-styled "Motion to Correct Sentence while on Remand from the Court of Appeals" because they were defaulted. In saying that "Mr. Jones may seek further relief in the District Court if he wishes," *Jones*, 403 F.3d at 607, we meant merely that our order should not be interpreted as forestalling any otherwise legitimate claims. We in no way intended to intimate that the district court was required to consider claims that Mr. Jones had defaulted upon in his § 2255 proceeding.

We address briefly Mr. Jones's contention that Judge Wright should have recused himself for bias. We note that claims for judicial recusal will be considered only when they are timely made. *United States v. Coon*, 187 F.3d 888, 901 (8th Cir. 1999), *cert. denied*, 529 U.S. 1017 (2000). Mr. Jones did not request that the district court recuse, nor does he provide any reason for that failure. We therefore deem the issue forfeited. Even if we were to consider the matter, it is one without merit. Mr. Jones's arguments for recusal are based on comments that the district court made at trial and sentencing. But "judicial remarks during the course of a trial that are critical or disapproving ... ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Nor do they do so here. *See* 8th Cir. R. 47B.

—————————————————