**UNITED STATES of America,**
**Plaintiff,**

v.

**James J. PARSONS, Defendant.**
**No. CR06–4065–MWB.**

United States District Court,
N.D. Iowa,
Western Division.

Feb. 7, 2007.

Priscilla Elizabeth Forsyth, Federal Public Defender, Sioux City, IA, for Defendant.

Forde Fairchild, Assistant U.S. Attorney, Sioux City, IA, for Plaintiff.

## ORDER REGARDING DEFENDANT'S MOTION FOR RETURN OF PROPERTY

BENNETT, District Judge.

### TABLE OF CONTENTS

I.   *INTRODUCTION AND BACKGROUND* ....................................1170
   A.   *Procedural Background* .............................................1170
   B.   *Factual Background* ...............................................1171

II.  *LEGAL ANALYSIS* ....................................................1172
   A.   *Federal Rule of Criminal Procedure 41(g)* ...........................1172
   B.   *Balancing of Equities* .............................................1174

III. *CONCLUSION* ........................................................1178

## I. INTRODUCTION AND BACKGROUND

### A. Procedural Background

On July 27, 2006, an indictment was returned against defendant James J. Parsons. In Count 1, defendant Parsons is charged with possession of machine guns, specifically a German World War II machine gun model number MG34, serial number 889, a Sten machine gun, serial number 74118, and a Browning machine gun, model number 1919, no serial number, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). In Count II, defendant Parsons is charged with possessing three hand grenades and three machine guns, the same three machine guns charged in Count I, which were not registered to him in the National Firearms Registration and Transfer Record, in violation of §§ 5841, 5861(d) and 5871. Defendant Parsons subsequently appeared before United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Counts 1 and 2 of the indictment. On December 22, 2006, the court accepted Judge Zoss's Report and Recommendation, and accepted defendant Parsons's plea of guilty in this case to Counts 1 and 2 of the indictment. On January 19, 2007, the court sentenced defendant Parsons to concurrent terms of imprisonment of 366 days.

Before he was sentenced, defendant Parsons filed a Motion For Return Of Property (# 26). In his motion, filed pursuant to Federal Rule of Criminal Procedure 41(g), defendant Parsons seeks to designate that his firearm collection should be given to a friend, Louis W. Aloia.[1] The government filed a timely response to defendant Parsons's motion.

---

1. Defendant Parsons originally requested in his motion the return of firearms and other items seized during a search of a moving truck defendant Parsons was renting as well as items seized from his home in Miami, Florida. At the time of his sentencing hearing, he sought only to designate that his seized firearm collection be given to his friend.

## B. Factual Background

The following facts are drawn from defendant Parsons's Presentence Investigation Report and from exhibits and witnesses presented at the time of defendant Parsons's sentencing hearing.[2]

Defendant Parsons is a 67 year old chiropractor who has resided and practiced Chiropractics in Miami since 1973. He is a longtime collector of firearms. On July 20, 2006, defendant Parsons was a passenger in a Budget Rental truck which was stopped by an officer with the Iowa Department of Transportation, Office of Motor Vehicle Enforcement in order to ensure that the truck had the appropriate paperwork. The truck was being driven by defendant Parsons's fiancee, Sherril Gold. Defendant Parsons and Gold explained that they had rented the truck and were in the process of moving their personal household belongings from Florida to Montana. Gold provided the officer with the truck's rental agreement. After defendant Parsons refused to consent to a load inspection, the officer proceeded to have a canine unit conduct a drug sniff of the vehicle. After the canine alerted on the vehicle, the officer cut the lock on the door of the truck.[3] Law enforcement officers subsequently obtained a search warrant for the truck. Defendant Parsons then told law enforcement officers that he had three machine guns in the truck and one pound of black powder. Defendant Parsons told the officers that there were no hand grenades in the truck.

A search of the truck revealed the following: a German World War II MG34 machine gun; a Sten machine gun; a Browning design Model 1919 type machine gun; tens of thousands of live rounds of ammunition; 114,000 live ammunition primers; 56 long guns; an unarmed anti-personal device consisting of a rattrap modified to fire two shotgun shells when a trip line was disturbed; three hand grenade bodies with plugs and fuses; one pound of black powder; 120 electronic matches; a bottle containing eight ounces of Thermite; two ignitors; two bottles containing four ounces each of Pryo Magnesium; approximately 50 feet of cannon fuse; and, a military style HC smoke grenade with fuse. The government has retained possession of the following firearms seized from defendant Parsons: a Winchester model 94 rifle, serial number 24634539; a Browning model light twelve shotgun, serial number 71G63173; a Winchester model light twelve shotgun, serial number 49746; U.S.A. Military surplus rifle, serial number 298854; a Polytechnologies model AK47S rifle, serial number DF-03461; a Remington model 550-1 rifle without a serial number; a Winchester model 94 rifle, serial number 2265238; a Remington model 660 rifle, serial number 120659; a model SWP45 rifle without a serial number; a DSA model SA58 rifle, serial number DS23495; a Winchester model Win-Lite shotgun, serial number 25643; a Browning model 78 rifle, serial number 1449W37; a U.S.A. Military surplus rifle, serial number 2118694; a Mossberg model 44US rifle, serial number 102790; a Winchester model 97 shotgun, serial number 899846; a Czechoslovakian made model M98/29 rifle, serial number CO6635; a Remington model Sportsmaster 52 rifle, serial number 1LRR0; a Remington model 1100 shotgun, serial number L842702V; a Weatherby model Mark V rifle, serial number 29000; a Heckler and

---

**2.** " 'A sentencing court may accept the facts in a PSR as true unless the defendant objects to specific factual allegations.' " *United States v. Wintermute,* 443 F.3d 993, 1005 (8th Cir.

2006) (quoting *United States v. Sorrells,* 432 F.3d 836, 838 (8th Cir.2005)).

**3.** There is no evidence in the record that the truck contained any illegal narcotics or drugs.

Koch model HK91 rifle, serial number A033872; a Mossberg model 44US rifle, serial number 145985; a Norinco MAK–90 rifle, serial number 04369; a Czechoslovakian made model M98/29 rifle, serial number P4021; a Remington model U.S. Gov't .03–A3, serial number 3450609; a Chinese made SKS rifle, serial number 27018424; an American Spirit Arms model ASA15 rifle, serial number AS14286; a Browning unknown model rifle, serial number 655717; a Kimber model Classic Stainless pistol, serial number K053789; a Beretta model 21A pistol, serial number BES18723U; a Colt model Anaconda pistol, serial number AN10475; a Smith & Wesson model 15–2 revolver, serial number K736050; a Czechoslovakia model CZ52 pistol, serial number FK14622; a Colt model Commander pistol, serial number CLW033397; a Ruger model Super Blackhawk revolver, serial number 82–39443; a Beretta model 950 pistol, serial number BR07381T; a Czechoslovakia unknown model pistol, serial number Z12890; a Manurhin model PPK pistol, serial number 140333S; a Colt model MKIV Series 70 pistol, serial number 11464G70; a FEG unknown model pistol, serial number B95301; a Smith & Wesson model 29–2 pistol, serial number N310025; an Astra model 600/43 pistol, serial number 53005; an Interarms model Virginian revolver, serial number 0521; a Colt model MKIV 70 pistol, serial number 71125G70; a Glock model 40 pistol, serial number ELC722; a Smith & Wesson model 41 pistol, serial number A293207; a Walther model PPK/S pistol, serial number 121986S; a Czechoslovakia unknown model pistol, serial number D08544; an Intratec model Tec–22 pistol, serial number 065927; a Smith & Wesson model 422 pistol, serial number TBH1559; a Kimber model Stainless Gold Match, serial number K077290; a Colt model MKIV Series 70 pistol, serial number 86206G70; a Calwestco Inc. model Jennings pistol, serial number 616028; a

Ruger model Super Blackhawk revolver, serial number 86–30683; and, an Auto Nine unknown model pistol, serial number 905430. In addition to the firearms, the government has retained possession of the following items seized from defendant Parsons: several boxes of miscellaneous firearm ammunition brass; 114,000 assorted firearm ammunition components; and, 48,681 rounds of firearm ammunition of assorted calibers.

Defendant Parsons seeks to have all of these items turned over to his friend, Louis W. Aloia. Up until the time defendant Parsons pleaded guilty to the charges in this case, he could lawfully own and possess all of the firearms, ammunition and other items he seeks to have turned over to Aloia. Aloia testified that if these items are turned over to him, he intends to have a federally licensed firearms dealer in his home state of Arizona sell some of the firearms and he will keep the remainder. Aloia would solely determine what to do with the proceeds of the sale of the firearms. Aloia would not permit defendant Parsons to see or possess any of the firearms he retained from Parsons's gun collection. The government's counsel indicated that if the government retains possession of the items that most, if not all of them, will be destroyed.

## II.  LEGAL ANALYSIS

### A.  Federal Rule of Criminal Procedure 41(g)

Federal Rule of Criminal Procedure 41(g)(formerly Rule 41(e)) provides that: A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the

motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED.R.CIV.P. 41(g).

As the Eighth Circuit Court of Appeals has explained:

> The plain language of Rule 41(e) allows persons whose property has been seized by the government to petition the district court for the return of the confiscated property. See Fed.R.Crim.P. 41(e). Rule 41(e) compels a district court to afford such persons an opportunity to submit evidence in order to demonstrate that they are lawfully entitled to the challenged property.

*United States v. Felici,* 208 F.3d 667, 670 (8th Cir.2000).[4] A motion to return seized property under Rule 41(g) "is a motion in equity, in which courts will determine all the equitable considerations in order to make a fair and just decision." *United States v. Howell,* 425 F.3d 971, 974 (11th Cir.2005); *accord United States v. Machado,* 465 F.3d 1301, 1307 (11th Cir.2006) (same, quoting *Howell* ); *United States v. Copeman,* 458 F.3d 1070, 1071 (10th Cir. 2006) (" 'Rule 41( [g] ) is an equitable remedy ...' ") (quoting *Clymore v. United States,* 164 F.3d 569, 571 (10th Cir.1999)); *De Almeida v. United States,* 459 F.3d 377, 382 (2nd Cir.2006) (noting that "[a] Rule 41(g) motion is an equitable remedy ..."); *United States v. Rodriguez–Aguirre,* 414 F.3d 1177 (10th Cir.2005) ("We emphasize that a Rule 41(e) proceeding is an equitable one."); *United States v. Dusenbery,* 201 F.3d 763, 768 (6th Cir. 2000) ("Rule 41(e) proceedings are equitable in nature if criminal proceedings are no longer pending.").

"The burden of proof in such a proceeding lies with the government to 'justify its continued possession of the property by demonstrating that it is contraband or subject to forfeiture.' " *United States v. Willson,* 8 Fed.Appx. 593, 595, 2001 WL 521446 (8th Cir.2001) (quoting *United States v. Martinson,* 809 F.2d 1364, 1369 (9th Cir.1987)); *United States v. Mills,* 991 F.2d 609, 612 (9th Cir.1993) ("A criminal defendant is presumed to have the right to the return of his property once it is no longer needed as evidence, and the burden of proof is on the government to show that it has a legitimate reason to retain the property.") (internal quotation marks and citation omitted). As the Third Circuit Court of Appeals has more fully explained:

> If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property. Generally, a Rule 41(e) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues. The burden shifts to the government when the criminal proceedings have terminated. At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property. The government may meet this burden by demonstrating a cognizable claim of ownership or right to possession adverse to that of the movant.

*United States v. Chambers,* 192 F.3d 374 (3d Cir.1999) (citations and quotations omitted).

---

4. Federal Rule of Criminal Procedure 41(e) was changed to Federal Rule of Criminal Procedure 41(g).

## B. *Balancing of Equities*

In ruling upon defendant Parsons's motion, the court is called upon to properly balance the competing equities in order to decide whether the government may be ordered to turn the property seized from defendant Parsons over to Parsons's friend, Louis W. Aloia. The government contends that defendant Parsons's motion must be denied because he is no longer entitled to lawful possession of the seized property since he is now a convicted felon. The government directs the court's attention to the Eighth Circuit Court of Appeals's decision in *United States v. Felici,* 208 F.3d 667 (8th Cir.2000). In *Felici,* the defendant was convicted of various drug trafficking charges as well as being a felon in unlawful possession of a firearm. *See United States v. Felici,* 54 F.3d 504, 505 (8th Cir.1995). After his convictions were affirmed on appeal, *id.* at 507, the defendant filed a motion seeking the return of seized property which included firearms. *See Felici,* 208 F.3d at 669. In granting in part and denying in part the defendant's Rule 41 motion, the district court held that " 'returning firearms to a felon and drug-related materials to an individual convicted of distribution of methamphetamine would amount to a mockery of the law.' " *Id.* (quoting unpublished district court order at 3) (internal quotations omitted). In affirming that portion of the district court's order denying the defendant's return of his firearms, the Eight Circuit Court of Appeals observed:

Federal law prohibits convicted felons from possessing guns. *See* 18 U.S.C. § 922(g) (1994). Based upon Felici's status as a convicted felon, the district court could properly conclude without receiving evidence that Felici is not entitled to a return of the firearms. Felici is also not entitled to have the firearms held in trust for him by a third party. Such a request suggests constructive possession. Any firearm possession, actual or constructive, by a convicted felon is prohibited by law. *See United States v. Sample,* 136 F.3d 562, 564 (8th Cir. 1998). Hence, based upon the facts and the law, the district court could properly deny Felici's motion for the return of his firearms without receiving any additional evidence.

*Felici,* 208 F.3d at 670 (footnote omitted).

■ The Eighth Circuit Court of Appeals's ruling in *Felici* constitutes controlling precedent in this circuit for the unremarkable proposition that a felon in unlawful possession of firearms will not be entitled to the return of seized firearms, either directly or indirectly. The facts in this case, however, are not on all fours with those in *Felici.* Unlike the defendant in *Felici,* at the time that the government seized the firearms at issue in defendant Parsons's motion, defendant Parsons was not a convicted felon. The significance of this fact goes to the very essence of the holding in *Felici,* that because the defendant in *Felici* was already a convicted felon at the time that the firearms were seized, he was never lawfully entitled to possess them because federal law prohibits felons from possessing firearms. *See* 18 U.S.C. § 922(g). Here, in contrast, because defendant Parsons was not a convicted felon at the time he was arrested and the firearms were seized, he could lawfully possess those firearms. Thus, unlike the defendant in *Felici,* at the time of his arrest, defendant Parsons was free to sell, give away, or otherwise convey his firearms. Indeed, defendant Parsons could lawfully possess firearms following his arrest and his right of firearm ownership and possession continued up until December 22, 2006, the date on which the court accepted defendant Parsons's plea of guilty in this case to Counts 1 and 2 of the indictment. Thus, from the date of defendant

Parsons's arrest, on July 20, 2006, until the date on which the court accepted defendant Parsons's plea of guilty, December 22, 2006, defendant Parsons would have been free to lawfully dispose of his firearms collection in the manner he saw fit but for the fact that the government had seized and continued to possess those firearms. The government has offered no good reason for its continued retention of defendant Parsons's firearms once it determined that all of the firearms were lawfully possessed by defendant Parsons. As a result, defendant Parsons was denied the ability to lawfully dispose of his firearm collection prior to his entry of a guilty plea in this case due solely to the government's unjustified continuation of its retention of Parsons's firearm collection. Thus, the balance of equities in this case clearly weighs in favor of permitting defendant Parsons to designate to whom he wishes to receive his firearm collection. Such a procedure achieves equity because it places defendant Parsons in roughly the same position he would have maintained prior to his guilty plea if the government had ceased its unjustified continuation of his firearm collection. Moreover, the alternative results in the wasting of these assets, and equity abhors waste. *Finney County Water Users' Ass'n v. Graham Ditch Co.*, 1 F.2d 650, 652 (D.Colo.1924)("As a general principle, equity abhors waste, and delights to restrain it in a proper case.").

■ The government argues that permitting defendant Parsons to designate to whom he wishes to receive his firearm collection constitutes constructive possession by defendant Parsons, a result which, because he is now a convicted felon, is clearly prohibited by law. *See Felici,* 208 F.3d at 670 (citing *United States v. Sample,* 136 F.3d 562, 564 (8th Cir.1998)). Again, the facts in this case, are not on all fours with those in *Felici.* Unlike the defendant in *Felici,* who sought to have

the firearms held in trust for him by a third party, *see Felici,* 208 F.3d at 670, defendant Parsons does not seek to have his friend, Aloia, hold his firearm collection in trust for him. Rather, defendant Parsons merely wants to designate that his firearm collection be given to Aloia. Aloia testified at the hearing, testimony which the court found credible, that if these items are turned over to him, he intends to have a federally licensed firearms dealer in his home state of Arizona sell some of the firearms and he will keep the remainder. Aloia would solely determine what to do with the proceeds of the sale of the firearms. Aloia would not permit defendant Parsons to see or possess any of the firearms he retained from Parsons's gun collection. " 'Constructive possession exists when a person has ownership, dominion, or control over the contraband.' " *United States v. Jones,* 403 F.3d 604, 606 (8th Cir.2005) (quoting *United States v. Miscellaneous Firearms & Ammunition,* 945 F.2d 239, 240 (8th Cir.1991)). Because the government already had taken possession and control over the firearms, and in doing so has also already deprived defendant Parsons of nearly all vestiges of ownership, the court concludes that permitting defendant Parsons to now designate to whom his firearm collection should be given does not rise to the level of constructive possession but is, instead, permitting defendant Parsons to exercise only the merest indicia of ownership.

The government also relies on an appellate decision from the Eleventh Circuit Court of Appeals which the court brought to the government's attention at the hearing, *United States v. Howell,* 425 F.3d 971 (11th Cir.2005). In *Howell,* the defendant pleaded guilty to a drug charge and was sentenced to a term if imprisonment. The defendant subsequently filed a Rule 41(g) motion for return of $140,000 seized at the time of his arrest and for the return of

three firearms seized during a search of his residence. *Id.* at 972. The district court denied relief, finding that the defendant had no possessory interest in the money and that the firearms could not be returned to a convicted felon. *Id.* at 973. The Eleventh Circuit Court of Appeals affirmed, relying on *Felici,* and held that:

> The Eighth Circuit's ruling in *Felici* creates persuasive authority that if an individual is a convicted felon, that individual will not be entitled to the return of seized firearms, either directly or indirectly. Requiring a court to return firearms to a convicted felon would not only be in violation of a federal law, but would be contrary to the public policy behind the law.

*Id.* at 976. The court then went on to deny the defendant's alternative argument that he could possess the seized firearms constructively by having the court either place the firearms in the possession of a relative in trust or sell the firearms and distribute the proceeds to him, concluding that:

> Even though the defendant's rationale is interesting, it is beyond the scope of Rule 41(g). We agree with the Eighth Circuit in concluding that any firearm possession, actual or constructive, by a convicted felon is prohibited by law.
>
> . . .
>
> The fact that the defendant was in lawful possession and was not a convicted felon when he acquired the three firearms is irrelevant. 18 U.S.C. § 922(g) was specifically designed to serve public policy and prevent convicted felons from having either constructive or actual possession of firearms. This statute was designed to work retroactively, and once an individual becomes a felon, he will be in violation of 18 U.S.C. § 922 if found to be in possession of a firearm. Obviously, the courts cannot participate in a

criminal offense by returning firearms to a convicted felon.

*Id.* at 977.

The facts in this case are nearly identical to those *Howell.* In both cases, the defendant was in lawful possession of the firearms and was not a convicted felon when the firearms in question were acquired. Nonetheless, the court will not follow the *Howell* decision here. First, because the *Howell* decision comes from the Eleventh Circuit Court of Appeals, it does not constitute binding precedent on courts in this circuit. *See In re Miller,* 276 F.3d 424, 428 (8th Cir.2002); *United States v. Auginash,* 266 F.3d 781, 784 (8th Cir. 2001); *Aldens, Inc. v. Miller,* 610 F.2d 538, 541 (8th Cir.1979). Second, and more importantly, the relief that defendant Parsons is requesting in this case, merely to be able to designate to whom his firearm collection should be given is not the same relief sought in *Howell,* in which the defendant there sought to have the court place the firearms in the possession of a relative in trust or to have the firearms sold and the proceeds distributed to him. *See Howell,* 425 F.3d at 977. The relief being sought in *Howell* was far more characteristic of full ownership than that which Parsons seeks in this case. Finally, for the reasons detailed above, it is inequitable to treat a defendant in the position of Parsons, who was in lawful possession of the firearms and was not a convicted felon at the time he acquired them, the same as a previously convicted felon who is in unlawful possession of a firearm at the time it was acquired. As the Eighth Circuit Court of Appeals has previously observed with respect to the later category, " 'to reap the economic benefit from ownership of weapons [ ] which it is illegal for him to possess would make a mockery of the law.' " *United States v. Bagley,* 899 F.2d 707, 708 (8th Cir.1990). The same does not hold true for the former category since

a defendant like Parsons would be free to lawfully dispose of his firearms in the manner he sees fit prior to pleading guilty but for the intervention of the government's seizure and continued possession of the firearms. The two situations are not the same and thus should not be treated the same.

Therefore, the court grants defendant Parsons's Motion For Return Of Property in so far as the court orders the government to turn over the following property seized from defendant Parsons to Louis W. Aloia: a Winchester model 94 rifle, serial number 24634539; a Browning model light twelve shotgun, serial number 71G63173; a Winchester model light twelve shotgun, serial number 49746; U.S.A. Military surplus rifle, serial number 298854; a Polytechnologies model AK47S rifle, serial number DF–03461; a Remington model 550–1 rifle without a serial number; a Winchester model 94 rifle, serial number 2265238; a Remington model 660 rifle, serial number 120659; a model SWP45 rifle without a serial number; a DSA model SA58 rifle, serial number DS23495; a Winchester model Win–Lite shotgun, serial number 25643; a Browning model 78 rifle, serial number 1449W37; a U.S.A. Military surplus rifle, serial number 2118694; a Mossberg model 44US rifle, serial number 102790; a Winchester model 97 shotgun, serial number 899846; a Czechoslovakian made model M98/29 rifle, serial number CO6635; a Remington model Sportsmaster 52 rifle, serial number 1LRR0; a Remington model 1100 shotgun, serial number L842702V; a Weatherby model Mark V rifle, serial number 29000; a Heckler and Koch model HK91 rifle, serial number A033872; a Mossberg model 44US rifle, serial number 145985; a Norinco MAK–90 rifle, serial number 04369; a Czechoslovakian made model M98/29 rifle, serial number P4021; a Remington model U.S. Gov't .03–A3, serial number 3450609; a Chinese made SKS rifle, serial number 27018424; an American Spirit Arms model ASA15 rifle, serial number AS14286; a Browning unknown model rifle, serial number 655717; a Kimber model Classic Stainless pistol, serial number K053789; a Beretta model 21A pistol, serial number BES18723U; a Colt model Anaconda pistol, serial number AN10475; a Smith & Wesson model 15–2 revolver, serial number K736050; a Czechoslovakia model CZ52 pistol, serial number FK14622; a Colt model Commander pistol, serial number CLW033397; a Ruger model Super Blackhawk revolver, serial number 82–39443; a Beretta model 950 pistol, serial number BR07381T; a Czechoslovakia unknown model pistol, serial number Z12890; a Manurhin model PPK pistol, serial number 140333S; a Colt model MKIV Series 70 pistol, serial number 11464G70; a FEG unknown model pistol, serial number B95301; a Smith & Wesson model 29–2 pistol, serial number N310025; an Astra model 600/43 pistol, serial number 53005; an Interarms model Virginian revolver, serial number 0521; a Colt model MKIV 70 pistol, serial number 71125G70; a Glock model 40 pistol, serial number ELC722; a Smith & Wesson model 41 pistol, serial number A293207; a Walther model PPK/S pistol, serial number 121986S; a Czechoslovakia unknown model pistol, serial number D08544; an Intratec model Tec–22 pistol, serial number 065927; a Smith & Wesson model 422 pistol, serial number TBH1559; a Kimber model Stainless Gold Match, serial number K077290; a Colt model MKIV Series 70 pistol, serial number 86206G70; a Calwestco Inc. model Jennings pistol, serial number 616028; a Ruger model Super Blackhawk revolver, serial number 86–30683; and, an Auto Nine unknown model pistol, serial number 905430; several boxes of miscellaneous firearm ammunition brass; 114,000 assorted firearm ammunition components; and, 48,681 rounds of firearm ammunition of

assorted calibers. The transfer of these items shall be done at a time and place mutually convenient to both the government and Mr. Aloia within the next 90 days, absent an appeal of this order.

### III. CONCLUSION

For the reasons set out above, the court grants defendant Parsons's Motion For Return Of Property only in so far as the court orders the government to turn over the property specified above to Louis W. Aloia. The transfer of these items shall be done at a time and place mutually convenient to both the government and Mr. Aloia within the next 90 days, absent an appeal of this order.

**IT IS SO ORDERED.**