**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0785n.06

No. 10-5376

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Jul 20, 2012*

LEONARD GREEN, Clerk

MARCUS DEANGELO JONES, aka Marcus
DeAngelo Lee ,

  Petitioner-Appellant,

v.

JUAN D. CASTILLO, Warden,

  Respondent-Appellee,

and

FEDERAL BUREAU OF PRISONS,

  Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

BEFORE:  BOGGS and WHITE, Circuit Judges; BLACK, District Judge.[*]

PER CURIAM.  Marcus DeAngelo Jones, aka Marcus DeAngelo Lee, a federal prisoner,

appeals a district court order dismissing his petition for a writ of habeas corpus, filed pursuant to 28

U.S.C. § 2241.

In 2000, a jury convicted Jones of two counts of being a felon in possession of a firearm and

making false statements to acquire a firearm.  He was sentenced as an armed career criminal to 327

months of imprisonment.  His conviction was affirmed on direct appeal.  *United States v. Jones*, 266

F.3d 804 (8th Cir. 2001).  He filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255,

_____

[*]The Honorable Timothy S. Black, United States District Judge for the Southern District of
Ohio, sitting by designation.

alleging ineffective assistance of counsel, as a result of which one of his convictions of being a felon in possession of a firearm was vacated. *United States v. Jones*, 403 F.3d 604 (8th Cir. 2005).

In 2009, Jones filed this petition for a writ of habeas corpus in the Western District of Tennessee, where he was incarcerated. He argued that new law showed that he was actually innocent of being an armed career criminal, that the government suppressed evidence of his innocence, and that he was not receiving adequate medical care. He subsequently abandoned the third claim. The district court held that Jones was not entitled to bring his claims under § 2241 and dismissed the petition. A motion for reconsideration was also denied.

On appeal, Jones reasserts his claims that he is entitled to relief under § 2241 because he is actually innocent of being an armed career criminal and because the government withheld evidence that would establish his innocence of the underlying offense.

We review the dismissal of a petition under § 2241 de novo. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999). Generally, a federal prisoner may challenge his conviction and the imposition of his sentence only by filing a motion to vacate sentence under § 2255 in the court where he was convicted, and may challenge the execution of his sentence under § 2241 in the district where he is incarcerated. *Id.* at 755-56. An exception to this rule allows a federal prisoner to challenge his conviction and the imposition of sentence under § 2241 where the remedy under § 2255 is shown to be inadequate and ineffective. *Id.* The fact that a prisoner has previously filed a § 2255 motion and is barred from filing another such motion does not make that remedy inadequate and ineffective. *Id.* at 756. Only where an intervening change in the law establishes the prisoner's actual innocence is he permitted to challenge his conviction under § 2241. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001).

Jones argues that the exception applies to his first claim because the Supreme Court narrowed the definition of what constitutes a violent felony for purposes of determining armed career criminal status in *Begay v. United States*, 553 U.S. 137 (2008). Under this new law, he argues, he is actually innocent of being an armed career criminal. However, he does not argue that he is actually innocent of being a felon in possession of a firearm. Claims alleging "actual innocence" of a sentencing enhancement cannot be raised under § 2241. *Raymer v. Barron*, 82 F. App'x 431, 432 (6th Cir. 2003); *Kinder v. Purdy*, 222 F.3d 209, 212-14 (5th Cir. 2000) (dismissing petition raising claim of "actual innocence" of career-offender enhancement); *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (holding challenge to armed-career-criminal enhancement improper under § 2241). Jones relies on *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011) (en banc), *cert. denied,* 132 S. Ct. 1001 (2012), for the proposition that § 2241 may be used to challenge a sentence that is longer than the statutory maximum. However, *Gilbert* did not address that issue, which was not presented, and rather held that claims of miscalculation under the sentencing guidelines could not be raised under § 2241. *Id.* at 1312 ("for claims of sentence error, at least where the statutory maximum was not exceeded, the point where finality holds its own against error correction is reached not later than the end of the first round of collateral review.").

Jones also argues that the exception applies to his claim that the government withheld evidence that would have established his actual innocence. Because this claim is not premised on an intervening change in the law that establishes his actual innocence, Jones cannot bring it under § 2241. Moreover, the burden is on the petitioner to establish that the remedy under § 2255 is inadequate or ineffective. *Martin v. Perez*, 319 F.3d 799, 804-05 (6th Cir. 2003). Here, Jones has not alleged that he has attempted to raise this claim of new evidence establishing his innocence in

the court where he was convicted. Accepting his claim as accurate, it appears that he could raise this

issue in the Eighth Circuit in a motion to authorize the filing of a successive motion to vacate.

For the above reasons, the district court's dismissal of this petition is affirmed.