NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0545n.06

Case No. 13-5569

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 22, 2014*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| STEPHEN A. SACCOCCIA, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| ROBERT L. FARLEY, Warden, | ) | KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | |

BEFORE: COLE, COOK, and WHITE, Circuit Judges.

COOK, Circuit Judge. Petitioner Stephen Saccoccia appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Our precedent requires a § 2241 petitioner to demonstrate, *inter alia*, "actual innocence" of his underlying offenses. Because we agree with the district court's assessment that Saccoccia fails to do so, we affirm.

In 1993, a jury convicted Saccoccia of RICO conspiracy and related money-laundering offenses in connection with his laundering $136 million in drug-transaction proceeds. *Saccoccia v. United States*, 69 F. Supp. 2d 297, 299 (D.R.I. 1999). The sentencing court applied a thirteen-level sentencing enhancement under the then-applicable guidelines because it found that the value of the laundered funds exceeded a $100 million, *see* U.S.S.G. § 2S1.1(b)(2)(N) (1993), resulting in a guidelines sentence of life imprisonment. Because this sentence exceeded the statutory maximum for Saccoccia's offenses, the court sentenced Saccoccia to the statutory

maximum for each of his counts and ran them consecutively, for a total of 660 years' imprisonment. *United States v. Saccoccia*, 58 F.3d 754, 786 (1st Cir. 1995). The First Circuit affirmed Saccoccia's convictions on direct appeal, *id.* at 762, and denied him a certificate of appealability after the sentencing court denied his § 2255 motion to vacate his sentence, *Saccoccia v. United States*, 42 F. App'x 476, 478–79 (1st Cir. 2002) (per curiam).

In 2012, Saccoccia filed this § 2241 petition, arguing that the sentencing court erroneously failed to distinguish between "gross receipts" and "net proceeds" in applying the § 2S1.1 sentencing enhancement. Acting under 28 U.S.C. § 1915A, the district court denied the petition *sua sponte* because petitioners may challenge their conviction and sentence under § 2241 only by demonstrating actual innocence of the underlying offense—not innocence of a sentencing enhancement. Saccoccia moved the district court to reconsider, asserting "actual innocence of the aggravated offenses of . . . money laundering." Noting that this new contention conflicted with the arguments raised in Saccoccia's petition, the district court denied the motion. Saccoccia appeals.

A petitioner may challenge his conviction or imposition of his sentence under § 2241 "only where the petitioner . . . demonstrates 'actual innocence.'" *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Id.* As relevant here, "[c]laims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012). On appeal, Saccoccia says he is innocent "of the aggravated sentence imposed by the district court." He makes no attempt to

demonstrate factual innocence of the money-laundering activities that undergird his convictions, dooming his § 2241 petition.

Resisting this conclusion, Saccoccia cites *Alleyne v. United States*, 133 S. Ct. 2151 (2013), for the proposition that "a sentencing enhancement . . . is an element of the charged crimes[,] . . . [and so] a defendant can be actually innocent of a sentencing enhancement that is an element of the charged offense." But *Alleyne* held only that "facts that increase a mandatory *statutory* minimum [are] part of the substantive offense." *Id.* at 2161 (emphasis added). It said nothing about *guidelines* sentencing factors, such as the § 2S1.1 money-laundering enhancement at issue here. More generally, *Alleyne* did not address the contours of the "actual innocence" prerequisite for § 2241 relief. Even if it had, "*Alleyne* does not apply retroactively to cases on collateral review." *In re Mazzio*, --- F.3d ---, 2014 WL 2853722 (6th Cir. 2014). *Alleyne* thus cannot save Saccoccia's petition.

We AFFIRM.