38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Carl GREEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3335.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1994.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 Carl Green, a pro se federal prisoner, appeals a district court judgment denying his petition for a writ of error coram nobis filed pursuant to 28 U.S.C. Sec. 1651. However, this action is more properly construed as a motion to vacate sentence under 28 U.S.C. Sec. 2255 because Green is challenging the use of a prior conviction to enhance his current sentence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In January 1984, Green pleaded guilty to conspiracy to distribute cocaine and was sentenced to four years of imprisonment. Green did not file a direct appeal and he has now served the entire sentence.
 
 
 4
 Thereafter, in May 1990, Green was sentenced to 420 months of imprisonment after he was convicted of unspecified offenses. Green stated that his sentence was enhanced pursuant to the career offender provision of the federal sentencing guidelines.
 
 
 5
 In his petition for a writ of error coram nobis, Green collaterally attacked the validity of his 1984 conviction. Green alleged that the plea proceedings were defective and that he received ineffective assistance of counsel when counsel did not interview a witness who could have supported Green's claim of innocence of the 1984 conspiracy. After reviewing the government's response, the district court denied the petition as without merit. Green has filed a timely appeal reasserting his same claims, as well as a motion to proceed in forma pauperis.
 
 
 6
 Upon review, we affirm the district court's judgment because Green has not shown a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Green's claim that his current sentence was improperly enhanced because his 1984 conviction is invalid lacks merit. Green did not establish that his guilty plea was induced by threats or misrepresentation. See Brady v. United States, 397 U.S. 742, 755 (1970). Rather, despite the lack of a complete record in this case, the respondent has satisfactorily shown that, under the totality of the circumstances, Green's guilty plea was knowing and voluntary. See Id. at 749; Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); see also Parke v. Raley, 113 S.Ct. 517, 525 (1992).
 
 
 7
 In addition, because Green pleaded guilty to the charged offense in spite of his knowledge of alleged exculpatory evidence and an alibi witness, he did not establish a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); accord Warner v. United States, 975 F.2d 1207, 1214 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993). Thus, he has not established that he received ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 Accordingly, we hereby grant Green in forma pauperis status for the limited purpose of reviewing this appeal and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, U.S. District Judge for the Southern District of Ohio, sitting by designation