**Carl GREEN, Petitioner–Appellant,**

v.

**John HEMINGWAY, Warden,
Respondent–Appellee.**

No. 02–2014.

United States Court of Appeals,
Sixth Circuit.

May 7, 2003.

Before KRUPANSKY, SILER, and
GILMAN, Circuit Judges.

## *ORDER*

Carl Green, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Green was convicted in 1990 of possession with intent to distribute more than five hundred grams of cocaine, conspiracy to distribute cocaine, and possession of a firearm by a prohibited person. He was sentenced to 420 months in prison (35 years) for these crimes. Green's 35–year sentence includes a 20–year enhancement for being a career offender. Green's convictions were affirmed on appeal. *See United States v. Green,* Nos. 90–3468/3469, 1991 WL 175283 (6th Cir. Sept.10, 1991).

In 1992, Green filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion was denied and the district court's decision was affirmed on appeal. *See Green v. United States,* No. 93–4108, 1994 WL 144435 (6th Cir. Apr.21, 1994).

In 1993, Green filed a petition for a writ of coram nobis, pursuant to 28 U.S.C. § 1651, attacking the validity of a 1984 conviction for conspiracy to distribute cocaine. The petition was denied. On appeal, this court construed the action as a motion to vacate sentence under § 2255, because Green was challenging the use of the 1984 conviction to enhance his current sentence. The district court's judgment was affirmed. *See Green v. United States,*

No. 94–3335, 1994 WL 577108 (6th Cir. Oct.18, 1994).

In 1995, Green filed another motion to vacate sentence which was also denied. Green did not appeal. In 1997, Green filed a motion for permission to file a successive § 2255 motion with this court. The motion was denied. *See In re Green*, 144 F.3d 384 (6th Cir.1998). While this motion was pending before this court, Green filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 seeking to attack the prior state offense used to enhance his current federal sentence. The court construed the petition as a motion to vacate sentence under § 2255 and denied relief. This court denied Green a certificate of appealability.

In July of 2001, Green filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he seeks habeas relief on the following grounds:

I. Petitioner's remedy under 28 U.S.C. § 2255 is inadequate and ineffective, warranting relief under 28 U.S.C. § 2241, as petitioner has previously filed unsuccessful § 2255 motions to vacate sentence and petitioner is actually innocent of being a career criminal, because his state conviction for assault underlying his career criminal enhancement is an unconstitutional conviction as shown by newly discovered evidence.

II. Petitioner's no contest plea to the assault charge underlying his career criminal enhancement was entered into unknowingly, unintelligently, and involuntarily and without a factual basis.

III. Petitioner received ineffective assistance of counsel in the plea taking process regarding his no contest plea to the charge of assault.

The district court dismissed the § 2241 petition. The parties have filed briefs.

This court reviews de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Such review indicates that the district court properly dismissed Green's petition.

Title 28 U.S.C. § 2241 provides that a federal prisoner may bring a petition for a writ of habeas corpus in the district in which he is incarcerated. If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian. *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56. If a federal prisoner seeks to challenge the imposition of his sentence, he must file a § 2255 motion to vacate the sentence in the district court in which he was sentenced. *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56. Green's petition challenges the imposition of his sentence, not the execution or manner in which his sentence is being served, as he takes issue with the career offender enhancement applied to his sentence. Thus, § 2255, not § 2241, is the proper vehicle by which Green should challenge his career offender sentence enhancement. *See Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56.

Nevertheless, Green may be entitled to review of his claims under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. The burden is upon Green to prove that his remedy under § 2255 is inadequate or ineffective. *See Charles*, 180 F.3d at 756. Green has not shown that his remedy under § 2255 is inadequate or ineffective. The remedy under § 2255 is not rendered

inadequate or ineffective simply because a petitioner has already been denied relief under § 2255, "the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Id.* (citations omitted). Green has already pursued post-conviction relief under § 2255, and his prior motions were denied. "The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255." *Id.* at 758. Further, Green has been denied permission to file a successive motion to vacate twice.

Additionally, Green has not made any showing that he is actually, factually innocent of the substantive crimes for which he has been sentenced. Green argues that he is "actually innocent" of the enhancement facts used to increase his offense level. He asserts that his actual innocence of being a career offender is shown by his claim that his no contest plea was unknowing and involuntary. Green alleges that he pleaded no contest under the misapprehension that his plea did not have the same legal consequences for purposes of the criminal law as a guilty plea. The "new evidence" which Green argues supports his claim that his plea was involuntary is an affidavit from his former counsel, Frank L. Beane, concerning the assault charge. In his affidavit, attorney Beane states that the trial court failed to inform Green of his constitutional rights before accepting his no contest plea (Att.5).

Even if it is assumed that Green's allegations are true, the "actual innocence" exception of the savings clause of § 2255, as it has been interpreted by this court, is "actual innocence of the underlying, substantive offense, not 'innocence' of a sentencing factor." *Rumler v. Hemingway,* 171 F.Supp.2d 705, 709 (E.D.Mich.2001)

(Gadola, J.), *aff'd,* No. 02–1029, 2002 WL 1940971 (6th Cir. Aug.21, 2002); *United States v. Peterman,* 249 F.3d at 462. Green's reliance on *United States v. Maybeck,* 23 F.3d 888 (4th Cir.1994), in support of his actual innocence claim is misplaced for the reasons stated by the district court.

Thus, the district court properly dismissed Green's § 2241 habeas corpus petition because Green sought to challenge the imposition of his sentence, but failed to establish that the remedy afforded him under § 2255 is inadequate or ineffective. *See Peterman,* 249 F.3d at 461–62; *Charles,* 180 F.3d at 757–58.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.