UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

MARK DAVE HILL, a/k/a E, a/k/a
Earl, a/k/a Clarence Buckner,
            *Defendant-Appellant.*

No. 02-4424

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-00-398)

Submitted: August 28, 2003

Decided: September 4, 2003

Before NIEMEYER and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Jessica Salvini, SALVINI & BENNETT, L.L.C., Pickens, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Mark Dave Hill appeals his conviction and 300-month sentence after pleading guilty pursuant to a written plea agreement to conspiracy to distribute heroin in violation of 21 U.S.C. § 846 (2000). His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but asserting trial counsel was ineffective at sentencing for failing to object to prior criminal history used to classify Hill as a career offender; the district court erred in applying a four-level enhancement to Hill's base offense level for Hill's role as a leader and organizer in the conspiracy pursuant to *U.S. Sentencing Guidelines Manual* § 3B1.1(a) (2000); and the district court erred in sentencing Hill as a career offender pursuant to USSG § 4B1.1. Hill was notified by his attorney of his right to file a pro se supplemental brief and has elected to do so. Finding no reversible error, we affirm.

We first address Hill's ineffective assistance of counsel claim. Ineffective assistance of counsel claims are not generally cognizable on direct appeal. *See United States v. Ford*, 88 F.3d 1350, 1363 (4th Cir. 1996). Unless ineffective assistance of counsel "conclusively appears" on the record, such claims should be raised collaterally and not on direct appeal. *Id.* We find that because ineffectiveness of counsel does not conclusively appear on the record, Hill's claims are more appropriately addressed in a 28 U.S.C. § 2255 (2000) motion filed in the district court.

Next, we find no merit in Hill's claim that the district court erred in finding him to be a leader or organizer in the conspiracy pursuant to USSG § 3B1.1(a). We review the district court's determination of a defendant's role in the offense for clear error. *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997). We conclude that the sentencing court did not err in adopting the presentence report's findings and denying Hill's arguments relating to the enhancement.

Finally, we are not persuaded by Hill's argument that he was improperly sentenced as a career offender. Since Hill did not object at sentencing, we review this claim for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). We find that Hill meets all the criteria of USSG § 4B1.1 and was properly sentenced as a career offender.

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. Accordingly, we affirm Hill's conviction and sentence. We reject the claims raised in Hill's pro se supplemental brief as meritless.

This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*