NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0810n.06

No. 11-3337

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 27, 2012*
LEONARD GREEN, Clerk

OKERA J. KIRK,                                    )
                                                 )
     Petitioner-Appellant,                      )
                                                 )    ON APPEAL FROM THE UNITED
v.                                               )    STATES DISTRICT COURT FOR THE
                                                 )    NORTHERN DISTRICT OF OHIO
UNITED STATES OF AMERICA,                        )
                                                 )
     Respondent-Appellee.                        )

Before:  SUTTON, GRIFFIN and WHITE, Circuit Judges.

PER CURIAM.  Okera Kirk pled guilty in November 2005 to being a felon in possession of

a firearm.  18 U.S.C. § 922(g)(1).  After determining that his prior felony convictions qualified him

for an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), the district

court sentenced Kirk to 190 months in prison.  R. 31 at 9.  Kirk later moved to vacate his sentence

under 28 U.S.C. § 2255, asserting ineffective assistance of both trial and appellate counsel based on

their failure to challenge his being sentenced as an armed career offender.  The district court denied

Kirk's motion.  R. 46.

The government acknowledges that intervening case law makes clear that Kirk's aggravated-

vehicular-assault conviction does not qualify as a "violent felony" because the relevant state statute

punished conduct that was merely reckless.  Gov't Br. at 21–22; *see Begay v. United States*, 553 U.S.

137, 144–45 (2008); *United States v. McMurray*, 653 F.3d 367, 375 (6th Cir. 2011).  The

government therefore concedes that Kirk has only two qualifying ACCA predicates and urges us to remand the case so the district court may impose a non-enhanced sentence. Gov't Br. at 22.

We may vacate Kirk's sentence under 28 U.S.C. § 2255 based on this statutory error only if it resulted in a "miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345–46 (1974). As a result of his erroneous classification as an armed career criminal, Kirk received a sentence of 190 months, well above the 120-month statutory maximum that would otherwise apply to his felon-in-possession conviction. 18 U.S.C. § 924(a)(2). This sentence—one "that the law cannot impose upon [Kirk]"—undoubtedly represents a miscarriage of justice, making relief under § 2255 appropriate. *United States v. Shipp*, 489 F.3d 1084, 1091 (10th Cir. 2009); *see Narvaez v. United States*, 674 F.3d 621, 628–29 (7th Cir. 2011).

Because we resolve the case on statutory grounds, we do not reach Kirk's alternative argument that his attorney provided constitutionally ineffective assistance by failing to object to the ACCA enhancement at sentencing.

For these reasons, we reverse the district court's judgment and remand for further proceedings.