NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1108n.06

No. 12-5170

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Oct 25, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DAVID WILLIAM BROWN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| KAREN HOGSTEN, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  David William Brown, a pro se federal prisoner, appeals the denial of his petition filed under 28 U.S.C. § 2241 for a writ of habeas corpus.  He also moves for leave to proceed in forma pauperis.

In 2002, a jury convicted Brown both of possessing stolen firearms in violation of 18 U.S.C. § 922(j), and of possessing those firearms after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1).  The district court enhanced Brown's section 922(g)(1) sentence because he had previously been convicted of at least three violent felonies.  *See* 18 U.S.C. § 924(e). The district court imposed two concurrent sentences of 262 months of imprisonment.  Brown did not appeal his convictions.

In February 2011, Brown moved under 28 U.S.C. § 2255 to vacate his sentences.  Based on his reading of *Begay v. United States*, 553 U.S. 137 (2008),  Brown presented two arguments (1) that he was not subject to the enhanced penalty under 18 U.S.C. § 924(e); and (2) that the sentence

_____

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

imposed for possessing stolen firearms exceeded the statutory maximum. The district court denied the motion as untimely. Brown did not appeal the district court's decision.

In May 2011, Brown filed a section 2241 petition in the United States District Court for the Eastern District of Kentucky, the district court having jurisdiction over his current custodian. Again invoking *Begay*, Brown argued that his sentence violated the Fifth Amendment for two reasons: first, because the prior conviction for burglary did not constitute a "violent felony;" and second, because trial counsel was ineffective for failing to appeal his convictions. The district court denied the petition and Brown filed a timely appeal.

We review the district court's judgment de novo. *See Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999). Brown's section 2241 petition challenges the validity of his conviction and sentence. Generally, a prisoner challenging a conviction or imposition of a sentence must file under section 2255, whereas a prisoner must challenging the execution of the sentence must file under section 2241. *Id.* at 755–56. Brown may proceed under section 2241 only if he properly invokes the section 2255(e) exception, or "savings clause," which requires him to show that section 2255 is inadequate or ineffective to test the legality of his detention. Brown may avail himself of the exception only by presenting a credible claim of actual innocence that is not cognizable in a successive section 2255 motion. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). Brown may also satisfy this burden by showing that there has been an intervening change in the law that establishes his actual innocence. *Peterman*, 249 F.3d at 461-62.

Brown fails to invoke the exception, however, because he does not claim that there has been an intervening change in the law that establishes his actual innocence of the firearms offenses. *Id.* at 461–62. His reliance on *Begay* is misplaced, because it is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim. *See id.* at 462.

We grant the motion for leave to proceed in forma pauperis and affirm the district court's order.