RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0220p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

MARK DAVE HILL,

        *Petitioner-Appellant,*

    *v.*

        No. 15-5188

BART MASTERS, Warden,

        *Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Pikeville.
No. 7:14-cv-00085—Amul R. Thapar, District Judge.

Argued: January 27, 2016

Decided and Filed: September 7, 2016

Before: GILMAN, WHITE, and STRANCH, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Eugene A. Sokoloff, HOGAN LOVELLS US LLP, Washington, D.C., for Appellant. Michael A. Rotker, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Eugene A. Sokoloff, Neal Kumar Katyal, HOGAN LOVELLS US LLP, Washington, D.C., for Appellant. Michael A. Rotker, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

## OPINION

_____

JANE B. STRANCH, Circuit Judge. This case concerns a prisoner's right to bring a successive habeas corpus petition under 28 U.SC. § 2241, challenging the misapplication of a sentence enhancement. Appellant Mark Hill contends that a career-offender enhancement was

1

erroneously applied to his sentence in light of subsequent caselaw establishing that his predicate offense was not a "crime of violence." Because Hill is foreclosed from bringing a successive petition using 28 U.S.C. § 2255, he seeks to challenge his sentence under § 2241. The district court dismissed Hill's petition. For the following reasons, we REVERSE the order of the district court and REMAND the case for further proceedings consistent with this opinion.

## I. BACKGROUND

On March 31, 2000, Hill was arrested with four fellow conspirators outside Charleston, South Carolina, following more than a year of undercover investigation into drug-trafficking activities between Baltimore and a high-crime area of Charleston. (Presentence Report (PSR) at ¶¶ 8, 11.) Hill was charged with one count of conspiracy to possess with intent to distribute one kilogram or more of heroin and less than 500 grams of cocaine, and three counts of possession with intent to distribute less than 100 grams of heroin. Shortly after the commencement of his October 2001 trial in the District of South Carolina, Hill pleaded guilty to the lesser-included offense of conspiracy to distribute more than 100 grams of heroin. 21 U.S.C. §§ 846, 841(a); (PSR at ¶ 88.)

Hill was sentenced under the then-*mandatory* 2001 Sentencing Guidelines Manual. His total offense level of 35 reflected a four-level enhancement for his role as an organizer or leader of the conspiracy and a two-level reduction for acceptance of responsibility. (PSR at ¶¶ 38-46.) Because Hill had two prior felony convictions in Maryland—a controlled-substance offense and second-degree assault—he received a further enhancement and a criminal-history category of VI as a career offender. (*Id.*); USSG §4B1.1 (2001) (To qualify as a career offender, the defendant's instant offense must be a felony that is "either a crime of violence or a controlled substance offense," committed by one who is eighteen years or older, and the defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense."). Hill was sentenced to 300 months of imprisonment based on a guideline range of 292 to 365 months. Hill appealed his sentence, which was affirmed by the Fourth Circuit. *United States v. Hill*, 75 F. App'x 115, 116 (4th Cir. 2003) (per curiam).

Hill has brought several challenges to his sentence over the course of his incarceration.**1** *See United States v. Hill*, 442 F. App'x 76, 77 (4th Cir. 2011) (denying a certificate of appealability and dismissing Hill's appeal of the district court's order denying his motion for reconsideration of his second § 2255 habeas corpus petition); *United States v. Hill*, 158 F. App'x 436, 437 (4th Cir. 2005) (denying a certificate of appealability and dismissing Hill's appeal of the district court's order granting summary judgment to the Government and denying his first § 2255 habeas corpus petition).

In May 2014, Hill filed the motion now under review, a § 2241 habeas corpus petition, in the Eastern District of Kentucky.**2** In light of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and, subsequently, the Fourth Circuit's decision in *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013), Hill alleges that his "second degree assault conviction no longer qualifies as a 'crime of violence'" and that "he is now serving an erroneous career offender sentence that violates the laws of the United States." R. 1, PageID 1; R. 4, PageID 52-53. Hill contends that without the enhancement, his guideline range would have been 235 to 293 months rather than 292 to 365 months. Moreover, he argues that as a career offender, he is "categorically ineligible" for subsequent retroactive amendments to the guidelines that could place his range as low as 188 to 235 months and reduce his sentence by "as many as nine years." (Appellant Br. at 18, 22.)

Finding § 2241 inapposite to Hill's petition because he did not claim to be "actually innocent of the underlying battery offense," the district court denied Hill's motion, citing our unpublished case law. R. 7, PageID 75-76 (citing *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) (per curiam)). Hill then filed a notice of appeal, R. 10, PageID 100, which was held in abeyance pending resolution of a previously filed post-judgment motion for

---

**1**Because Hill incorrectly filed his first § 2241 habeas corpus petition in the District of South Carolina after he had been transferred to the penitentiary in Inez, Kentucky, his petition was dismissed for lack of subject-matter jurisdiction. R. 1, PageID 1. *See* 28 U.S.C. § 2243 ¶2 ("The writ [of habeas corpus] . . . shall be directed to the person having custody of the person detained.").

**2**Hill was later transferred to Federal Correctional Institution–McDowell in Welch, West Virginia, and the previous warden defendant was replaced by McDowell Warden Bart Masters. R. 14, PageID 113. The motions panel determined that Hill's unauthorized transfer did not deprive this court of jurisdiction to review the judgment below. *Id*. at 114.

reconsideration, R. 9, PageID 78. On February 27, 2015, the district court denied Hill's motion for reconsideration and this appeal was reinstated. R. 11, PageID 108.

## II. ANALYSIS

A challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Though presenting two distinct avenues for a prisoner's challenge to his incarceration, these petitions overlap through the savings-clause mechanism of § 2255(e). Because this case concerns the interrelationship between § 2255 and § 2241, both are addressed here. We begin with § 2255.

"Second or successive motions" under § 2255 are typically barred unless a petition (1) contains newly discovered evidence that "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty," or (2) is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). However, where a petitioner seeks to file a successive habeas petition but cannot meet the requirements of the § 2255(h) exception, the petitioner may look to the "savings clause" of 28 U.S.C. § 2255(e) for recourse:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Thus, where the remedy under § 2255 is inadequate or ineffective, the savings clause allows a federal prisoner to "bring a claim challenging his conviction or imposition of sentence under § 2241." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). A § 2241 petition is not subject to the general rule against second or successive motions in the absence of newly discovered evidence or a new rule of constitutional law. *See* 28 U.S.C. § 2241. Our review of the dismissal of a § 2241 petition is de novo. *Charles*, 180 F.3d at 755.

The petitioner carries the burden to establish that the savings clause applies to his petition and "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow." *Peterman*, 249 F.3d at 461. As we have cautioned, § 2255 is not "inadequate or ineffective" merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion. *Charles*, 180 F.3d at 756.

## A. Successive Habeas Corpus Petitions Pursuant to § 2241

On a successive challenge to a *conviction,* a petitioner may test the legality of his detention under § 2241 through the § 2255(e) savings clause by showing that he is "actually innocent." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Where a petitioner asserts factual innocence of his crime of conviction due to a change of law, he may show that his remedy under § 2255 is inadequate or ineffective by satisfying four conditions: (1) "the existence of a new interpretation of statutory law," (2) "issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions," (3) that is retroactive, and (4) applies to the petition's merits such that it is "more likely than not that no reasonable juror would have convicted" the petitioner. *Id.* at 307-08.

We do not have published precedent on the issue presented here, where the target of the petition is a sentence enhancement, not a conviction. The test that applies in this factual context—set out by our sister circuits and agreed upon by the parties before us—specifies the petitioner's burden to come within the savings clause of § 2255(e). When seeking to petition under § 2241 based on a misapplied sentence, the petitioner must show (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1343 (11th Cir. 2013) (interpreting prior precedent to allow application of the savings clause "when a fundamental defect in sentencing occurred and the petitioner [has] not had an opportunity to obtain judicial correction of that defect earlier" (internal quotation marks omitted)).

The parties agree that Hill has established the first and second conditions for satisfying the requirements of the savings clause and employing § 2241. They dispute whether he satisfies the third condition. We begin with the new interpretation of statutory law.

### 1. *Descamps v. United States*

In *Descamps v. United States*, 133 S. Ct. 2276 (2013), the Supreme Court clarified the correct approach for determining whether state-law offenses qualify as "violent felonies" for the purpose of a sentence enhancement under the Armed Career Criminal Act (ACCA) of 1984.[3] 18 U.S.C. § 924(e)(1). The Court foreclosed the use of the modified categorical approach for criminal statutes that consist of a single set of elements that define the crime "more broadly than the generic offense." *Descamps*, 133 S. Ct. at 2283. Instead, it directed the lower courts to use the categorical approach to compare the elements of the generic crime to the elements in the statute that forms the basis of the defendant's prior conviction. *Id*. at 2281-82. To the extent the statute covers a "broader swath of conduct" than the generic offense, the former cannot serve as a predicate felony for an ACCA enhancement. *Id*. at 2281-82.

In the same year, the Fourth Circuit applied *Descamps* to Maryland's second-degree assault statute—one of Hill's predicate felonies—and concluded it was not a "violent felony" under the ACCA because the statute defined assault more broadly than the generic crime. *Royal*, 731 F.3d at 342. "Maryland's second-degree assault statute reaches any unlawful touching, whether violent or nonviolent and no matter how slight"; thus, "'convictions under the statute . . . cannot categorically be crimes of violence.'" *Id*. (quoting *Karimi v. Holder*, 715 F.3d 561, 568 (4th Cir. 2013)).

The Government concedes that, after *Descamps* and *Royal*, Maryland's second-degree assault statute no longer constitutes a crime of violence for the purpose of the career-offender enhancement. USSG § 4B1.2(a) (2001). Thus, were Hill to be sentenced today, he would not qualify as a career offender. The Government further concedes that *Descamps* and *Royal* apply retroactively. The problem lies with the third condition—whether a misapplied sentence

---

[3]The same approach is used to determine whether a crime constitutes a "crime of violence" for a career-offender enhancement under the sentencing guidelines or a "violent felony" under the ACCA. *See United States v. Covington*, 738 F.3d 759, 762-63 (6th Cir. 2014).

enhancement calculated under the mandatory Sentencing Guidelines Manual constitutes a fundamental error that may be redressed in a successive habeas corpus proceeding.

### 2. Application of the Career-Offender Enhancement

Hill claims that, in light of *Descamps* and *Royal*, his "unlawfully imposed career offender status infected his entire sentencing proceeding with error, resulting in a sentence that was improperly divorced from his individualized criminal history and offense characteristics." (Appellant Br. at 11.)  He asserts that § 2255 is ineffective to test the legality of his sentence enhancement because § 2255(h) precludes him from bringing an additional § 2255 petition, and that the intervening change of law requires recourse under the savings clause and § 2241.

The Government fairly concedes that "[s]entencing claims are challenges to detention that are at least in theory redressable under the savings clause" if they are "fundamental," which it defines as "on par with a conviction for a non-existent offense or a sentence above the otherwise-applicable statutory maximum."  (Appellee Br. at 36, 38.)  It argues that misapplication of the career-offender enhancement does not render Hill's sentence "illegal" because it did not result in a sentence that exceeds the statutory maximum term of life imprisonment.  Because Hill has not presented a fundamental error in his sentence, the Government concludes, he has failed to demonstrate that § 2255 is inadequate and he therefore cannot satisfy the savings clause to enable a § 2241 petition.

We agree with both parties that the district court erred in holding that § 2241 can never support a sentence challenge.  We have acknowledged, albeit in dicta, that a § 2241 petition may be used to challenge the "imposition of sentence" when remedies under § 2255 are inadequate or ineffective.[4]  *See Charles*, 180 F.3d at 756.  We also agree with the Government's position that a habeas petition may be brought pursuant to § 2241 when a sentence exceeds the maximum prescribed by statute.  To deny relief where a sentence enhancement exceeds the statutory range set by Congress would present separation-of-powers concerns.  *See e.g., Jones v. Thomas*,

---

[4]We have also held otherwise in unpublished decisions, stating that petitioners may not challenge misapplied sentence enhancements under § 2241 because such challenges do not claim actual innocence of the offense of conviction.  *See, e.g.*, *Jones*, 489 F. App'x at 866; *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (per curiam); *Green v. Hemingway*, 67 F. App'x 255, 256-57 (6th Cir. 2003).  For the reasons stated in this opinion, we do not find these opinions persuasive.

491 U.S. 376, 381 (1989) (noting the importance of "the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments" in the multiple-punishments context); *United States v. Penson*, 526 F.3d 331, 336 (6th Cir. 2008) (vacating and remanding a sentence that exceeded the statutory maximum). The Government's interpretation of what constitutes a fundamental defect in sentencing, however, can lead to problematic results, as discussed below. Mindful of the limitations of this "beyond the maximum penalty" approach, we examine whether § 2241 may also support a challenge to a misapplied enhancement resulting in a sentence that does not exceed the statutory maximum.

## B. Application of § 2241 to Sentence-Enhancement Challenges

Lacking published precedent in our circuit directly considering a § 2241 collateral challenge to a sentence enhancement, we turn first to our related caselaw and then to cases in our sister circuits that address this issue.

Although we have yet to determine the "exact scope of the savings clause," we have held that when a petitioner fails to identify a new case of statutory interpretation on which to base his § 2241 habeas claim, he fails to satisfy the savings clause and cannot reach § 2241. *Peterman*, 249 F.3d at 462 (declining to consider a co-conspirator's sentence reduction on direct appeal as a change in the law). *Peterman*, relying heavily on *Charles's* reasoning in the conviction (not sentencing) context, stated in dicta that the petitioners had not shown "an intervening change in the law that establishes their actual innocence." *Id*. Insofar as the petitioners challenged the duration of their sentences, the opinion noted that "[c]ourts have generally declined to collaterally review sentences that fall within the statutory maximum." *Id*.

In the intervening years, notable cases of statutory interpretation, including *Begay v. United States*, 553 U.S. 137 (2008), have revised the landscape governing what constitutes a predicate offense for the enhancement of a sentence. The Supreme Court's instruction has provided the occasion to refine our review of challenges to misapplied enhancements. In *Kirk v. United States*, for example, the petitioner's § 2255 petition argued that his classification as an armed career criminal was erroneous because "intervening case law" held that his prior conviction was not a predicate "violent felony." We held that the sentence enhancement

"undoubtedly represents a miscarriage of justice, making relief under § 2255 appropriate." 481 F. App'x 249, 249 (2012) (per curiam). Explaining that the erroneous classification resulted in a sentence "well above the . . . statutory maximum," and thus led to a sentence that "the law cannot impose upon" the petitioner, we reversed the denial of the petition. *Id.* (internal quotation marks omitted) (citing with approval *Narvaez v. United States*, 674 F.3d 621, 628-29 (7th Cir. 2011)). Logic suggests that whether a misapplied enhancement results in a miscarriage of justice should not depend on whether the new statutory interpretation was announced before or after a prisoner filed a first § 2255 petition, when the timing of the decision invalidating the enhancement is beyond the prisoner's control.

The Seventh Circuit invoked this logic in *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), a case where the sentence did not exceed the statutory maximum. Relying on *Narvaez*, a prior case involving a first-time habeas petition under § 2255—a case we cited as authority in *Kirk*—the Seventh Circuit explained that:

> [t]o classify an individual as belonging to a "subgroup of defendants, repeat violent offenders" is to "increase, dramatically, the point of departure of his sentence" and accordingly is "certainly as serious as the most grievous misinformation that has been the basis for granting habeas relief." Thus, the misapplication of the sentencing guidelines, at least where (as here) the defendant was sentenced in the pre-*Booker* era, represents a fundamental defect that constitutes a miscarriage of justice corrigible in a § 2241 proceeding.

*Id.* at 587-88 (internal citation omitted) (quoting *Narvaez*, 674 F.3d at 629); *see also Webster v. Daniels*, 784 F.3d 1123, 1125-26 (7th Cir. 2015) (en banc) (vacating a prior judgment on rehearing and extending the savings clause to petitioner's § 2241 petition based on the discovery of "new evidence that would demonstrate categorical ineligibility for the death penalty").[5]

In *Brown*, the sentencing court applied a career-offender enhancement to Brown's sentence (for drugs and firearm possession) in light of a prior conviction of third-degree arson in Delaware; his subsequent § 2255 petition was unsuccessful. *Brown*, 719 F.3d at 584-85. Brown later filed a § 2241 petition challenging the enhancement because his prior offense no longer

---

[5]The Seventh Circuit has declined to extend the holding in *Narvaez* to § 2255 petitions challenging sentences where the petitioner was sentenced under the advisory Guidelines Manual post-*United States v. Booker*, 543 U.S. 220 (2005). *See Hawkins v. United States*, 706 F.3d 820, 822-24 (7th Cir. 2013).

constituted a crime of violence under *Begay*, 553 U.S. 137. *Id*. at 585. The district court dismissed the petition. The Seventh Circuit reversed, finding that Brown's petition had satisfied the three conditions to fall within the savings-clause exception and was, therefore, properly heard under § 2241. First, Brown relied on a case of statutory interpretation (rather than a constitutional case, which would have satisfied one of the conditions for a successive challenge under § 2255(h)). *Id*. at 586-87. Second, the case was retroactive and could not have been invoked in his original petition. *Id*. Finally, the court determined that the error Brown complained of was sufficiently grave to be "deemed a miscarriage of justice," or, put another way, a "fundamental defect" corrigible in a habeas corpus proceeding. *Id*. at 586.

In response to the argument that the savings clause requires "a claim of actual innocence directed to the underlying conviction, not merely the sentence," *id*. at 585, the Seventh Circuit stood on the clear language of the savings clause, § 2255(e), *id*. at 588. Noting that the savings clause makes no reference to "convictions" and instead makes relief available when the "§ 2255 remedy is 'inadequate or ineffective to test the legality of his *detention*,'" it held that for a prisoner sentenced when the guidelines were mandatory by law, "a § 2241 habeas petition raising a guidelines error 'tests the legality of his detention.'" *Id*. (emphasis in original). The Seventh Circuit thus found Brown entitled to relief under § 2241. *Id.* at 585.

The Fourth Circuit, sitting en banc, recently heard similar arguments on a split-panel decision that refused, over a well-reasoned dissent, to authorize a petition under § 2241. *See United States v. Surratt*, 797 F.3d 240, *reh'g en banc granted* (Dec. 2, 2015); *see also id.* at 269-76 (Gregory, J., dissenting). There, the Fourth Circuit panel had considered a successive challenge to a mandatory-minimum life sentence under 21 U.S.C. § 841 based on a number of underlying drug convictions that were later deemed not to constitute predicate offenses. *Id*. at 244-46. The panel majority denied the prisoner's § 2241 petition on the basis that he had not shown actual innocence of the underlying conviction and that he could not be "actually innocent" of a sentence enhancement. *Id*. at 247-49. The majority left open the possibility that § 2241 could support a challenge to a sentence exceeding the statutory maximum—the position taken by the Government in this case—but found this exception inapplicable because the statutory maximum sentence authorized for Surratt's conviction was life imprisonment, which his

mandatory minimum life sentence did not exceed. *Id*. at 255-56. Thus, Surratt was barred from seeking relief under § 2241 for a misapplied life sentence because it did not exceed the statutory maximum life sentence where he was sentenced to life imprisonment as a mandatory minimum.

Judge Gregory's dissent anchors his reasoning on the history and text of the "Great Writ," tracks the impact of legislation on it, and then applies those principles and Fourth Circuit precedent to determine that the majority's holding violates them all. The core of his argument resides in the constitutional prohibition on suspension of the writ. *Id*. at 270 (citing U.S. Const. art. I, § 9, cl. 2). He traces the legislative actions addressing the writ, concluding that "[h]istory therefore confirms that Congress meant for the writ of habeas corpus to remain unabridged even in the face of some limits on collateral review found in § 2255, and that the savings clause plays a distinct and crucial role within the statute." *Id*. at 270-71. Judge Gregory then analyzes the text, applying "the traditional savings clause analysis" (the analysis set out in this case above) to show why § 2255 is "inadequate or ineffective" and § 2241 is available to address a misapplied enhancement. *Id.* at 273-76. Woven throughout is practicality—that it begs reason to expect a prisoner to bring a claim before the intervening law is decided, *id*. at 274, and that the dissent's argument would not open the floodgates because it would affect only a very small group of prisoners (eight in the Western District of North Carolina), *id.* at 275.

We acknowledge the wisdom of Judge Gregory's reasoning. Surveying the authority of our sister circuits, which have split on the issue,[6] we are persuaded by the approach outlined in the Seventh Circuit's decision in *Brown*, and Judge Gregory's dissent in *Surratt*, now before the Fourth Circuit en banc.

As in *Brown*, Hill was sentenced pre-*Booker* when courts were required to sentence within the guidelines range, absent specific limited circumstances. Serving a sentence imposed under mandatory guidelines (subsequently lowered by retroactive Supreme Court precedent) shares similarities with serving a sentence imposed above the statutory maximum. Both sentences are beyond what is called for by law, *see Brown*, 719 F.3d at 588 (explaining pre-

---

[6]Panels in the Eleventh and Fifth Circuits have also had occasion to consider this issue and citing concerns of finality and judicial economy, have reached a different conclusion. *See Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011); *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (per curiam).

*Booker* guidelines "had the force and effect of law"), and both raise a fundamental fairness issue. The facts of Hill's case illustrate why he should not be foreclosed from "test[ing] the legality of his detention" using the savings clause, § 2255(e). First, the Government concedes that *Descamps* and *Royal* apply retroactively. Second, had the career-offender enhancement been properly considered under now-applicable Supreme Court precedent, Hill would not have been treated as a career offender, and the sentencing court would have been required to impose a sentence within a lesser range. Finally, Congress, through the Sentencing Commission, intended that prisoners in Hill's position be eligible for certain further reductions. His characterization as a career offender wrongly renders him ineligible for that relief.

In authorizing a petition under § 2241, we reiterate that our decision addresses only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement. Hill's challenge to his misapplied career-offender enhancement is properly brought under § 2241 because he was sentenced under the mandatory Guidelines Manual; is barred from filing a successive § 2255 petition; and received the enhancement based on a prior conviction that a subsequent, retroactive change in Supreme Court jurisprudence reveals is not a predicate offense. To require that Hill serve an enhanced sentence as a career offender, bearing the stigma of a "repeat violent offender" and all its accompanying disadvantages, is a miscarriage of justice where he lacks the predicate felonies to justify such a characterization. Hill has therefore satisfied the requirements of the savings clause of § 2255(e) and his petition is properly brought under § 2241.

## III. CONCLUSION

For these reasons, we REVERSE the order of the district court denying Hill's § 2241 petition and REMAND the case for further proceedings consistent with this opinion.