FILED:  June 11, 2018

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 16-6073
(3:06-cr-00363-RJC-3)
(3:11-cv-00603-RJC)

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

GERALD ADRIAN WHEELER, a/k/a Bay-Bay

Defendant - Appellant

_____

O R D E R

_____

The petition for rehearing en banc was circulated to the full court.  No judge

requested a poll under Fed. R. App. P. 35.  The court denies the petition for rehearing en

banc.

Entered at the direction of Judge Thacker.

For the Court

/s/ Patricia S. Connor, Clerk

Statement of Circuit Judge Agee respecting denial of petition for rehearing en banc:

The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

The opinion in this case casts 28 U.S.C. § 2255(e) in a way that rewrites the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")—a valid congressional act that falls squarely within Congress' power to define the scope of the writ. As a consequence, federal prisoners who are detained in this Circuit pursuant to a valid and final criminal judgment may evade the careful limitations placed by Congress upon the writ of habeas corpus in § 2255(h) and, most likely, § 2255(f) as well. These prisoners may now file § 2241 petitions challenging their sentences whenever circuit court precedent changes, so long as a given majority decides the change created a fundamental sentencing defect. Among the circuits that have addressed the question of the reach of the § 2255(e) saving clause, we stand alone in this most expansive view.

Only two circuits permit a sentencing-based claim to proceed via the saving clause: the Sixth and Seventh. *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013). The opinion here relies on these cases in error,

2

however, because none gives the expansive reference to "fundamental defect" that is put forth here. In short, even those few circuits that have opened the saving clause portal to sentencing-based claims have only opened it wide enough to allow for a claim that the prisoner is being, or at some point will be, detained by the warden beyond the time legally authorized by Congress for his offense of conviction.[1]

In addition, the opinion in this case—as well as the positions taken in the Sixth and Seventh Circuit—directly and irreconcilably split with the opinions of the Tenth and Eleventh Circuits.[2] *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017), *cert. denied* 128 S. Ct. 502 (2017); *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011). In particular, *McCarthan* examined § 2255(e) and adopted the statutory view already held by the Tenth Circuit, and the Supreme Court denied certiorari in that case.

---

[1] The Court also points to the Third and Fifth Circuits as having adopted a "fundamental defect" analysis that it purports to apply in this case. But those Circuits have only adopted a saving clause analysis in the context of actual innocence of the offense of conviction, akin to the factual basis of our decision in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). *See In re Davenport*, 147 F.3d 605, 609–11 (7th Cir. 1998) (raising an actual innocence claim based on *Bailey v. United States*, 516 U.S. 137 (1995)); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (same). That situation differs in a markedly substantive way from the sentencing-based claim at issue in this case.

[2] This circuit split is set out in detail in the majority opinion in the since-vacated case *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015). The panel decision in *Surratt* reached the opposite conclusion that this case reaches. That decision was vacated by the grant of rehearing en banc, *see* 4th Cir. Local Rule 35(c), but before a decision by the en banc court, President Obama commuted Surratt's sentence. The en banc appeal was thus rendered moot and the full Court did not decide the merits of the case. *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017).

The Court's opinion now adds yet another layer to the already "deep and mature circuit split on the reach of the savings clause" of 28 U.S.C. § 2255(e). *Bryant v. Warden*, 738 F.3d 1253, 1279 (11th Cir. 2013), overruled by *McCarthan*, 126 S. Ct. at 502. It construes that provision more broadly than the text, context, or purpose of the statutory provisions allow and far more broadly than any other circuit court that has considered the question. The Supreme Court should hear this case in a timely fashion to resolve the conflict separating the circuit courts of appeal nationwide on the proper scope of the § 2255(e) saving clause so that the federal courts, Congress, the Bar, and the public will have the benefit of clear guidance and consistent results in this important area of law.

Statement of Judge Thacker on Petition for Rehearing En Banc:

When this court decided *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), and rendered it retroactive in *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), it became clear that the mandatory minimum for Gerald Wheeler's sentence was **double** what it should have been. But Wheeler was left with a conundrum -- how could he test the legality of his detention? He had already filed a direct appeal and motion pursuant to 28 U.S.C. § 2255, and he could not meet the requirements to file a second or successive motion because his mandatory minimum was not increased by a new rule of constitutional law made retroactive by the Supreme Court. *See* § 2255(h)(2). Yet he was nonetheless sentenced under the mistaken understanding that ten years was as low as the sentencing court could go. Indeed, that was precisely the sentence he received. The district court recognized this sentence was "harsh," but believed that its "hands [we]re . . . tied." J.A. 85.[1]

The savings clause, set forth in § 2255(e), allows a court to entertain a traditional § 2241 petition for habeas corpus if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [the prisoner's] detention." This circuit, *see In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000), as well as nine other circuits,[2] interpret the savings

---

[1] "J.A." refers to the Joint Appendix filed by the parties in this case, *United States v. Wheele*r, No. 16-6073.

[2] These decisions provide varying tests and analyses. *See  Hill v. Masters*, 836 F.3d 591, 594–95 (6th Cir. 2016); *Alaimalo v. United States*, 645 F.3d 1042, 1047–49 (9th Cir. 2011); *Abdullah v. Hedrick*, 392 F.3d 957, 963–64 (8th Cir. 2004); *In re Smith*, (Continued)

5

clause to provide an opportunity for prisoners to demonstrate they are being held under an erroneous application or interpretation of statutory law. Two circuits, however, read the clause so narrowly that the savings clause may only be satisfied under the limited circumstances when the sentencing court is unavailable,[3] "practical considerations" prevent the prisoner from filing a motion to vacate, or a prisoner's claim concerns "the execution of his sentence." *McCarthan v. Director of Goodwill Indus.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017) (en banc); *see also Prost v. Anderson*, 636 F.3d 578, 587–88 (10th Cir. 2011).

To adopt the minority view and deny Wheeler the chance to test the legality of his detention under the circumstances at hand would fly in the face of the Supreme Court's pronouncement that "the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). Indeed, the Government itself has admitted "the terms 'inadequate or ineffective' are properly understood to include legal barriers to relief," and "Congress specifically chose the words 'inadequate or ineffective' over other

---

285 F.3d 6, 8 (D.C. Cir. 2002); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999); *In re Davenport*, 147 F.3d 605, 611–12 (7th Cir. 1998); *Triestman v. United States*, 124 F.3d 361, 363 (2d Cir. 1997); *In re Dorsainvil*, 119 F.3d 245, 248, 251 (3d Cir. 1997).

[3] For example, the savings clause would apply if the sentencing court "has been dissolved," such as after court martial proceedings have concluded. *McCarthan v. Director of Goodwill Indus.*, 851 F.3d 1076, 1093 (11th Cir. 2017) (en banc).

terminology that would have covered only practical difficulties."  Gov't Supp. Br., *United States v. Surratt*, No. 14–6851 (filed Feb. 2, 2016), ECF No. 103 at 32–33 (citing *Sanders v. United States*, 373 U.S. 1, 15–17 (1963), and *Swain v. Pressley*, 430 U.S. 372 (1977)).

Moreover, the test set forth in *Wheeler* is not the floodgate opener my good colleague describes.  He claims, "[P]risoners may now file § 2241 petitions challenging their sentences whenever circuit court precedent changes, so long as a given majority decides the change created a fundamental sentencing defect."  Agee, J., Statement at 2. To be sure, prisoners may file habeas petitions for a variety of ill-conceived reasons.  But under *Wheeler*, the jurisdictional requirements of the savings clause are curtailed; these requirements are not satisfied unless the change in precedent occurs after a prisoner's direct appeal and first § 2255 motion, *and* if the change in precedent is made retroactive on collateral review, *and* if the sentencing error presents a fundamental defect.  It is rare that a petitioner will meet all requirements of the *Wheeler* test.

At the heart of the *Wheeler* test is the requirement that the retroactive change in precedent creates a fundamental defect.  This is crucial to narrow savings clause application to situations like the one at hand -- an increase in a mandatory minimum -- which involves due process and separation of powers implications.  Congress alone can set maximum and minimum terms of imprisonment, and those limits define legal boundaries for the punishment for a particular crime.  *See United States v. Evans*, 333 U.S. 483, 486 (1948); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2160 (2013) ("It

7

is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime."); *Williams v. New York*, 337 U.S. 241, 247 (1949) ("A sentencing judge" determines the "type and extent of punishment" within "fixed statutory or constitutional limits").

Therefore, consistent with the "constitutional principle of separation of powers," a defendant has a "constitutional right to be deprived of liberty as punishment for criminal conduct only to the extent authorized by Congress," and a violation of that principle can "trench[] particularly harshly on individual liberty." *Whalen v. United States*, 445 U.S. 684, 689–90 (1980); *see also Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) (criminal defendant has a "substantial and legitimate expectation" that he can only be deprived of his liberty "to the extent determined by the [sentencing body] in the exercise of its statutory discretion"). In this case, Wheeler should only have been deprived of his liberty for, at a minimum, five years, but he received **double** that time. It does not matter that Wheeler may have received the same ten year sentence on remand. The Supreme Court has roundly rejected that argument. *See Hicks*, 447 U.S. at 346 ("Such an arbitrary disregard of the petitioner's right to liberty is a denial of due process of law.").

For these reasons, *Wheeler* provides an avenue through which prisoners may take advantage of an opportunity Congress explicitly intended -- to "test the legality of their detention" where § 2255 is otherwise "inadequate or ineffective." § 2255(e).