**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3715
_____

IN RE: CLYDE BAER, III,
                                                    Petitioner

_____
On a Petition for Writ of Mandamus from
the United States District Court
for the Western District of Pennsylvania
(Related to D.C. Civ. No. 18-cv-00119)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
January 31, 2019
Before: MCKEE, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: February 7, 2019)
_____

OPINION[1]
_____

PER CURIAM

Petitioner Clyde Baer, III petitions for a writ of mandamus. For the reasons that

follow, we will deny the petition.

Baer pleaded guilty in the United States District Court for the District of Northern

Ohio to conspiracy to possess with the intent to distribute marijuana, in violation of 21

U.S.C. § 846; and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (2).

---

[1] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

On May 8, 2002, Baer was sentenced as a career offender with prior felony drug convictions, to a total term of imprisonment of 262 months, consisting of 262 months on the drug conspiracy count and 240 months on the money laundering count, the sentences to be served concurrently. The Criminal Judgment was entered on the docket on May 22, 2002. Baer did not directly appeal his conviction and sentence.

On January 3, 2017, Baer filed a motion to vacate sentence, 28 U.S.C. § 2255, in the sentencing court, in which he argued that the U.S. Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), rendered his career offender enhancement under U.S.S.G. § 4B1.1 invalid. Specifically, he argued that one of his prior state drug convictions did not qualify as a "controlled substance offense" under U.S.S.G. § 4B1.2.[2] The sentencing court dismissed the § 2255 motion as untimely under 28 U.S.C. § 2244(d)(1) because it was filed almost 14 years after Baer's conviction became final. The court reasoned further that Mathis, which addressed the Armed Career Criminal Act, 18 U.S.C. § 924(e), sought to clarify existing law regarding when a prior conviction triggers enhanced sentencing and did not apply retroactively. Thus, it did not provide Baer with a renewed one-year limitation period, 28 U.S.C. § 2255(f)(3) (providing for renewed one-year limitation period for newly recognized retroactive rights). The Sixth Circuit Court of Appeals denied Baer a certificate of appealability on

---

[2] "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. 4B1.2(b).

March 2, 2018, concluding that reasonable jurists could not debate the sentencing court's untimeliness determination.

On July 25, 2018, Baer, who is confined at the Federal Correctional Institution in Loretto, Pennsylvania, filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Western District of Pennsylvania. Baer sought the same relief under Mathis and argued that he could resort to a § 2241 petition pursuant to the savings clause set forth in § 2255(e), pursuant to the Sixth Circuit's decision in Hill v. Masters, 836 F.3d 591 (6th Cir. 2016) (inmate may use savings clause of § 2255 to challenge in a § 2241 petition the misapplication of career offender guidelines). Baer did not ask the District Court for sentencing relief; rather, he asked the Court to transfer his § 2241 petition to the Northern District of Ohio for adjudication.

On November 27, 2018, the United States Attorney for the Western District submitted an answer to Baer's § 2241 petition, arguing that the District Court lacked jurisdiction because controlling authority in this circuit, although it creates an exception under § 2255's savings clause, does so only where an intervening change in the law rendered the petitioner innocent of the crime for which he had been convicted, and where the petitioner had no earlier opportunity to raise his challenge, see In re: Dorsainvil, 119 F.3d 245, 245 (3d Cir. 1997). A claim of actual innocence of a career-offender enhancement is not a claim of actual innocence of the crime of conviction and thus not the type of claim that warrants application of the savings clause, the Government argued. On December 4, 2018, Baer submitted a reply to the Government's subject matter jurisdiction argument.

3

Just 14 days later, on December 18, 2018, Baer filed a petition for writ of mandamus in this Court, in which he asked us to order the District Court to transfer his § 2241 petition to the Northern District of Ohio for adjudication. He argued that he would be prejudiced by any further delay in the District Court because his "statutory" release date should be sometime in December, 2020. Petition, at 2. The civil docket reflects that Baer provided the District Court with a copy of his mandamus petition on December 13, 2018.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) ... jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that we grant only in extraordinary situations. See Kerr v. United States District Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

The management of its docket is committed to the sound discretion of the District Court. In re: Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982). When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable." Allied Chemical Corp. v. Daifon, Inc., 449 U.S. 33, 35-36 (1980). Nevertheless, a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Here, however, Baer's § 2241 petition has been pending for only about six months. Moreover, the proceedings clearly are not stalled in that the Government submitted a

4

thorough response to Baer's § 2241 petition in November, 2018. Accordingly, the delay alleged does not rise to a level warranting mandamus relief and thus we will deny the petition. See Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (court's congested docket did not justify 14-month delay in adjudicating habeas corpus petition); Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir. 1978) (district court's 14-month delay in adjudicating petition following remand from appeals court denied petitioner due process).

We realize that Baer seeks to take advantage of what seems to be more favorable precedent in the Sixth Circuit, but, as a general matter, petitions under 28 U.S.C. § 2241 must be brought in the district of confinement, which would make it difficult here to justify a transfer order to the Northern District of Ohio, see In re: Nwanze, 242 F.3d 521, 525-26 (3d Cir. 2001). Furthermore, we have not determined whether § 2255(e)'s saving clause is available when a prisoner, like Baer, argues that an intervening U.S. Supreme Court case renders his career-offender designation invalid, see United States v. Doe, 810 F.3d 132, 160-61 (3d Cir. 2015). These are issues the District Court will consider in the first instance in adjudicating Baer's § 2241 petition.

For the foregoing reasons, we will deny the petition for writ of mandamus.